WALTER JACKSON ET AL. *v.* PORT GIBSON BANK ET AL.

1. CHANCERY PRACTICE.   *Quieting title.   Bill of complaint.   Code* 1892, ₹ 501.

> A bill in equity to confirm title to real estate and to cancel and remove clouds therefrom is demurrable, if it fail to comply with Code 1892, § 501, providing that the complainant in such a bill must deraign his title, and that a mere statement that he is the real owner of the land shall be insufficient, unless good and valid reason be given for the failure.

2. SAME.   *Concrete case.*

> Such a bill charging that the defendant had executed a deed of trust conveying the land as security for a debt, that default had been made in the payment of the debt, and that the deed of trust had been foreclosed and the lands purchased by complainant at the trustee's sale, does not comply with said statute, since it makes no reference to the trustee's deed and does not deraign the complainant's title, and gives no reason for the failure.

FROM the chancery court of Claiborne county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

The Port Gibson Bank and another, the appellees, were complainants, and Jackson and others, appellants, were defendants in the court below. The suit was to confirm title to real estate and to cancel and remove clouds therefrom. The defendants demurred to the bill of complaint, and from a decree overruling the demurrer they appealed to the supreme court.

The complainants charged in their bill that respondents had executed a certain trust deed conveying the lands described in their bill; that default had been made in the payment of the debt, and that the deed of trust had been foreclosed, and the lands bought at the sale by one of them and leased by the purchaser to his co-complainant, and that respondents refused to surrender possession. Nothing was said in the bill about the trustee's deed. The prayer was for the cancellation of the claim of respondents as a cloud upon complainants' title.

*F. A. Polsey,* for appellants.

The bill nowhere alleges that complainants, or either of them, ever received a deed from the trustee, or that complainant bank ever, at any time, held so much as even a color of title, legal or equitable, to the land from which they so summarily seek to eject the defendants. On the contrary, the bill itself shows that defendants had a good title and were in rightful possession.

Now, what sort of a support is such a showing for so far-reaching a prayer, or for the issuance of a drastic writ of assistance? This court in *Chiles* v. *Gallagher,* 7 South. Rep., 208, said: "There is no more serious and prevalent error than that which seems to exist in relation to the rights of parties to exhibit bills to cancel clouds upon titles. It is frequently assumed that if a complainant can show some antecedent claim, however vague and unsubstantial, he may assail and dispel anything which is a cloud upon the real title. We cannot conceive

what has given rise to this erroneous view, for it is settled by an unbroken current of decisions that to enable a complainant to cancel the defendant's title as a cloud, he himself must show as perfect a title, legal or equitable, as would enable him, the title being a legal one, to recover against the defendant in an action of ejectment." And again, in *Wilkinson* v. *Hiller,* 14 South. Rep., 442 (where the opinion is supported by no less than fourteen Mississippi citations), this court said: "If anything can be considered settled by decisions, it is that a complainant seeking to cancel the title of his adversary must show either a good legal or equitable title in himself. . . . On the final hearing the chancellor should have dismissed complainants' bill, which will now be done here."

*C. A. French,* on the same side.

The demurrer in this case should have been sustained, if for no other reason, because the Port Gibson Bank *et al.,* who were complainants below, did not deraign their title to the land in controversy sufficiently as is required by Code 1892, § 501. *Long* v. *Stanley,* 79 Miss., 298. In the case at bar the complainants and defendants both claimed the land in controversy from a common source, and the complainants did not by their bill of complaint, with the exhibits thereto, show a perfect title. Therefore the complainants did not show by their bill of complaint that they were entitled to the relief prayed for.

*E. S., J. T., & H. W. M. Drake,* for appellees.

It is contended in this court that complainants did not deraign their title sufficiently as required by Code 1892, § 501. The object of this section is simply to put the defendants in possession of such information as will give them a clear idea of complainants' title and will enable them to investigate the same. Before the passage of the section referred to, it was sufficient for the complainant to simply charge that he was the owner of

the property named, and such an averment in the bill was held
sufficient to give the chancery court jurisdiction. We find but
one case construing this statute—viz., *Long* v. *Stanley,* 79 Miss.,
298. Under the ruling in that case a deraignment of title from
defendant is sufficient, and we have so deraigned title—viz., we
set out a trust deed from defendants, foreclosure of same ac-
cording to its terms, and purchase by complainants at the fore-
closure sale. It is objected by appellees that the proof of pub-
lication and deed from the trustee should have been made ex-
hibits, but there is no rule anywhere requiring this. The bill
charges that the trust deed was foreclosed according to its
terms, and its terms provide for an advertisement in a news-
paper, for a public sale to the highest bidder for cash, and con-
tain a mandatory provision requiring the trustee to execute a
deed to the purchaser. The charge of a foreclosure according
to the terms of the trust deed charges that all these things were
done, and a charge that complainant bought at the sale is a
charge that the deed was made to it as purchaser, conveying
the lands contained in the trust deed. It is sufficient to put
the defendants on notice of complainants' claim. The newspaper
was required to be a public one and was open to examina-
tion by defendants and their counsel. The deed from the trustee
was actually on record, and defendants could make no com-
plaint on the score that the bill did not disclose the source of
complainants' claim.

WHITFIELD, C. J., delivered the opinion of the court.

The demurrer to the bill should have been sustained. There
was no such deraignment of title as is required by Code 1892,
§ 501, which was expressly enacted for the purpose of changing
the rule in *Cook* v. *Friley,* 61 Miss., 1. The case falls squarely
within the rule of *Long* v. *Stanley,* 79 Miss., 298 (30 South.
Rep., 823). The bill does not even set out the chain of title
which the complainants allege they hold under the respondents.

The deed from the trustee was an essential muniment of title, and should have·been set out in the bill.

*The decree is reversed, and the cause remanded, with leave to amend the bill within sixty days from the filing of the mandate in the court below.*