## RUSSEL ET AL. *v.* TOWN OF HICKORY.

### [76 South. 825, Division B.]

1. QUIETING TITLE. *Complaint. Sufficiency.*
   In all suits to confirm title or to remove clouds it is the duty of
   the complainant to deraign title and in deraigning title, a gen-
   eral statement that the complainant is the real owner is insuf-
   ficient.

2. QUIETING TITLE. *Complainant. Sufficiency. Code* 1892, *Section* 4011.
   Where the town of Hickory a municipal corporation filed a bill
   alleging that it was the owner of certain school property and
   that defendants had taken possession of such property and that
   complainant was entitled to an injunction restraining defendants
   from trespassing thereon, and praying a decree removing any
   cloud from its title. The bill alleged that the land had been
   conveyed to the trustees of the Hickory Institute, and their suc-
   cessors in office in 1889 for the benefit of the citizens of Hickory
   and the surrounding community and while it did not so specif-
   ically aver, it appeared that defendants claimed title from the
   same source under a clause providing for forfeiture when the
   property should be abandoned for educational purposes. The
   conveyance was made before the enactment of Code of 1892,
   section 4011, authorizing a municipality to become a separate
   school district and before the enactment of section 3343, Code
   1906, authorizing municipalities "to erect, purchase, or rent school
   houses" and the bill did not aver that the property had been
   deeded to the municipality for school purposes. In such case
   the bill was insufficient to show that the municipality had title
   to the property.

3. INJUNCTION. *Remedy. Scope.*
   The law is well settled that a defendant in possession under a
   *bona-fide* claim of title should not summarily be removed by
   mandatory process in the chancery court, especially where there
   is no averment that irreparable damages will be done the com-
   plainants.

APPEAL from the chancery court of Newton county.
HON. A. Y. WOODWARD, Chancellor.

Bill by the town of Hickory against Frank Russel and
another. From a decree overruling a demurrer to the
bill, defendants appeal.

The facts are fully stated is the opinion of the court.

*Robt. L. Bullard,* for appellant.

The allegations of the bill show that title to the property in question passed from Russel to Todd, Harper, Hanna, Buckley and White, the trustees of the Hickory Institute; it has not shown that it passes from them to the town of Hickory; therefore the town of Hickory has no title whatever to the property, it is a mere interloper.

In addition to all this, there are a few elementary legal propositions that require the citation of no authority in their support; viz: No trespass to real estate will ever be enjoined at the suit of one who does not show in himself a clear title. No trespass to real estate that does not amount to waste will be enjoined in any event. Waste will not be enjoined unless it amounts to irreparable injury, and, no one in possession of real estate under a claim of right or title, will ever be put out by injunction, and a trespass by one who claims title will not be enjoined except where the trespass would amount to irreparable waste and then only at the suit of one showing an indisputable title in himself.

Now this appellee not only shows that it has no title to the property, but the bill shows that the appellant has a most lively claim of title which a trial of it, if one were offered, might demonstrate to be perfectly valid. He has the " nine points in law," possession, along with his claim that the condition of the deed has been forfeited. When he saw that the condition had been broken he exercised the right which the law has given him from time immemorial, that of re-entry. The bill alleges that he "has taken possession of the property and fenced it up" that is, he had re-entered it. The bill does not allege that he has done, or even threatened to do, more than re-enter. He has not done the freehold any injury, nor threatened to do it any. He has done nothing more than assert his right and title to the property because of the breach of a condition of his deed, and to enjoin him from

doing this is to enjoin him from exercising the very remedy, and the most appropriate remedy, the law gives him, and there was never a court of equity that would oust him from the assertion of this right at the behest of one claiming title, much less one who shows the doubtful and legally impossible nature of his own claim.

I cannot better conclude this brief than by a quotation from this court in the case of *Poindexter* v. *Henderson,* S. W. 176 12 Am. Dec. 550, wherein it is said: "The only question submitted to the consideration of the court, is, whether the complainant is entitled to an injunction to stay waste, when the defendant is stated to be in possession and holds under an adverse claim. We think not and we are supported in this opinion by all the adjudged cases in England and America.

In *Pillsworth* v. *Heapton,* 6 Ves. Jun., Lord Chancellor Eldon says: "I do not recollect that the court has ever granted an injunction against waste under any such circumstances. I remember perfectly being told from the bench, very early in my life, that if the plaintiff filed a bill for an account and an injunction to restrain waste, stating that the defendant claimed by a title adverse to his, he stated himself out of court as to the injunction. See also, *Davis* v. *Lee,* same authority. So in the case of *Horway* v. *Howe,* 19 Ves. Jun. if the bill contains a statement, admitting even the pretense of a claim on the part of the defendant, the plaintiff will have to go out of court. In the case of *Stone* v. *Maun,* 4 Johns. Chan; an injunction to stay waste will not be granted when the title of the plaintiff is doubtful, and when the defendant is in possession by an adverse claim.

In the case before us, there is a controversy about the right and title to the land in question as appears by complainant's own showing.

"Under such circumstances we cannot do otherwise than affirm the decree of the court below (dismissing the bill). If this was an application for an injunction to stay

the hand of a lawless trespasser, the court would be still more circumspect in compelling the plaintiff to show unquestioned evidence of title. The reason of the rule must be obvious. The party complaining could not invoke the aid of the chancellor, unless it be a case of irreparable injury, etc."

In this case the complainant has shown that it has no right to the injunction for three sufficient reasons, viz; It has no title to the land; the respondent is in possession under an adverse claim, and no damage has been done, or threatened, to the property.

There are instances where irreparable waste will be enjoined while a suit to try the title is pending, as in *Freemans* v. *Ammons*, 91 Miss. 672, but never was the possession of one claiming an adverse title interferred with by injunction. *Poindexter* v. *Henderson*, S. W. 176 12 Am. Dec. 550; *Skipworth* v. *Dodd*, 24 Miss. 487, and *J. E. North Lumber Co.* v. *Gary*, 83 Miss. 640.

I most respectfully submit that the decree of the chancellor ought to be reversed and the bill dismissed.

*Jacobson & Brooks,* for appellee.

The appellant urges in this cause that the original bill of complaint does not show that the complainants in this cause owned this property or had any interest in it. If appellant is correct upon this proposition then no one owned any interect in it.

The chain of this title is traced into the Russells. It is charged that the land was entered from the United States government and that title to this land became vested in one Frank Russell, the defendant in the court below and one of the appellants here. It is charged further that Russell and his immediate venders had been in open, notorious possession of the property for a period of more than thirty-one years. It is charged further that Russell deeded this land to the trustees of the Hickory Institute and their successors in office. It is then charged that

the trustees of the Hickory Institute and their successors in office are one and the same persons as the present trustees, who are the complainants in this cause and who are appellees. The appellants admit the allegation in the bill cover these facts but seek to avoid that by saying that such a thing is impossible. We disagree with them. This institution at one time was known as the Hickory Institute. It is now known as the Hickory High School. The trustees of the Hickory Institute in 1889 were the vendees of this deed, and where the Hickory Institute becomes the Hickory High School. The bill in short, concise, crisp language affirmatively says that these two institutions are one and the same and the successors in office of a trustee of the Hickory Institute is a present trustee of the Hickory High School, and we do not agree with counsel in his statement of the case or his conclusions thereunder. We submit that the traditional wayfaring man, according to our contention, ought to see clearly that the original bill is not defective upon this proposition.

It is our view that if the decisions are reaffirmed as layed out in the case of *Buck* v. *City of Macon,* this case is settled, because it is our contention that the title to this property has become vested without hope of reverter in the trustees of the Hickory High School. For these reasons we ask that this case be affirmed and we hope for a decision outlining the views of the court along this line.

Stevens, J., delivered the opinion of the court.

The appeal in this case is from a decree overruling the demurrer of appellants to the bill of complaint exhibited against them by the town of Hickory, appellee herein. The suit is by the town of Hickory, a municipal corporation, by and through its mayor and board of aldermen, the material averments being that the town of Hickory, ''through its aldermen and trustees of the Hickory high school,'' is the owner of certain schoolhouse property

described in the bill; that the defendants, Frank and L. M. Russell, "have gone over and took possession of said property, and have fenced and wired the same up;" that the town is entitled to an injunction restraining the defendants from going upon or trespassing upon the property; that a decree should be rendered "removing any clouds from the title of complainants to the aforesaid described land or the building thereupon situated so long as the said school is maintained and operated in Hickory for the benefit of the citizens of Hickory and the surrounding community." The bill avers that two acres of land were conveyed by one Frank Russell to the trustees of Hickory Institute and their successors in office in the year 1889; and while the bill does not specifically so aver, it appears from all the averments and admissions therein that the defendants claim title from the same source. This claim is based upon the alleged forfeiture of the following provision in the deed: "It is hereby agreed and understood that the above-described two acres of land are deeded to the trustees of Hickory Institute, and to their successors in office, for the purpose of maintaining and operating a school for the benefit of the community and surrounding country, and when abandoned for educational purposes then the said two acres of land revert back to the party of the first part."

The bill claims that the property in litigation has been used by the town as the Hickory high school, and is managed by trustees appointed by the mayor and board of aldermen. Upon the bill as filed a mandatory injunction was issued enjoining the defendants from going on or over, or trespassing upon, the premises in question, from interfering with or taking possession thereof, or exercising any ownership over the property whatsoever until the further orders of the court. The demurrer submits that the bill does not show any title or ownership in the complainant, the town of Hickory, and, secondly, that, taking all of the averments of the bill together, it

is shown that the property has ceased to be used for the purposes for which it was originally dedicated, and that the title has reverted. The second ground of demurrer seizes upon certain recitals in the bill stating that the town had purchased a new site for the Hickory high school and erected thereon a commodious and modern brick building, and had removed the teaching department to the new building. The only question to determine is the sufficiency of the bill.

In all suits to confirm title or to remove clouds it is the duty of the complainant to deraign title. This duty is expressly imposed by statute. In deraigning title, a general statement that the complainant is the real owner is insufficient. *Jackson* v. *Bank,* 85 Miss. 645, 38 So. 35.

The bill does exhibit the original deed from Frank Russell to the trustees of the Hickory Institute, executed in February, 1889, but no other conveyance is shown. At the time this conveyance was executed the municipality did not constitute a separate school district, and there is no showing that the trustees of Hickory Institute or their sucessors in office ever turned the property over to the municipality of Hickory to be used as a public free school or public high school in and for the municipality, or that the trustees of Hickory Institute ever made any conveyance to the town or any one else. There is no definite showing as to how or when the town of Hickory became interested in the subject-matter of this litigation. The property was originally conveyed "for the benifit of the community and surrounding country." The original conveyance then was not for the benefit of the town of Hickory alone, and the inference is that the Hickory Institute was being conducted as an educational institution, not only for the benifit of the inhabitants of the town, but also of the entire community. We are left in doubt as to whether the Hickory Institute was or was not incorporated. Subsequent to the execution and delivery of this deed section 4011, Code of 1892, was enact-

ed, authorizing a municipality to become a separate
school district. Section 3343, Code of 1906, expressly au-
thorizes municipalities "to erect, purchase or rent"
schoolhouses, and it may be that this property has been
deeded to the municipality for school purposes or turned
over to the town to be operated for educational purposes.
If so, the bill does not so aver.

Complaint is made in the assignment of errors of the
action of the court in issuing a mandatory injunction to
remove the defendants from the property and to prevent
them from going upon or exercising in any manner con-
trol over it. The only decree appealed from, however, is
the decree overruling the demurrer, and the propriety of
the court's action in issuing an injunction is not nec-
essarily presented for our decision. The record does not
show a motion to dissolve this injunction on bill and
demurrer, or any application whatever on the part of
defendants seeking a dissolution. The argument is
made on behalf of appellants that this is really not a
bill to remove a cloud upon the alleged title of com-
plainants, but a bill primarily for a mandatory injunc-
tion. It is contended that the bill shows upon its face
that the defendants are in possession, and that a man-
datory injunction to oust them of possession would be
improper. It is further pointed out that the bill does not
charge that the defendants are mutilating, destroying, or
in any wise damaging the property, or that they are
threatening to do so. The law is well settled that a de-
fendant in possession under a *bona-fide* claim of title
should not summarily be removed by mandatory pro-
cess of the chancery court, especially where there is no
averment that irreparable damage will be done the com-
plainants. The bill does pray for an injunction, as in-
dicated, but there is also a general prayer that the claim
of defendants be canceled as a cloud upon the complain-
ants' title.

For the reasons indicated, the decree of the learned
chancellor will be reversed, the demurrer sustained, and

the cause remanded, with leave to the complainant to amend the bill generally within thirty days after receipt of the mandate by the clerk of the court below.

*Reversed and remanded.*