RUSSELL *et al. v.* TOWN OF HICKORY.

[87 South. 120, No. 21592.]

SCHOOLS AND SCHOOL DISTRICTS. *Municipality held entitled to hold for educational purposes property turned over to it by institute trustees.*

Where property is deeded to trustees of a certain institute, to be used for educational purposes, and is turned over by them to a

municipality for the same use and purposes, the latter acquires the right to hold it, as against original grantors, for educational purposes as conditioned in deed of original grantors.

Appeal from chancery court of Newton County.

Hon. S. M. Graham, Special Chancellor.

Suit by the Town of Hickory against Frank Russell and another. Decree for plaintiff on demurrer, and defendants appeal. Affirmed and remanded, with leave to plead.

*Robt. L. Bullard,* for appellants.

*W. M. Everett* and *Jacobson & Brooks,* for appellee.

No brief found in the record for counsel of either side.

Holden, J., delivered the opinion of the court.

This case is here on appeal for the second time. See *Russell et al* v. *Town of Hickory,* 116 Miss. 46, 76 So. 825. The case is fully stated in the former decision, and we refer to it as showing the facts, pleadings, and questions of law involved. There was a reversal of the lower court on the ground that the demurrer to the bill should have been sustained for several reasons, one of which was that the bill did not aver "that the property had been deeded to the municipality for school purposes or turned over to the town to be operated for educational purposes."

When the case was remanded the appellee, the town of Hickory, filed an amended bill, which is now before us, to which the appellant demurred, and the demurrer was overruled. The amended bill now contains an allegation intended to meet the trouble pointed out by the former decision. The language of the allegation on this point is as follows:

"That the said persons named as the trustees of the Hickory Institute took possession in the year 1889 of said property for school purposes to their successors in

office, and by said successors in office of the original trustees of the Hickory Institute the said property was turned over to the board of trustees of the Hickory High School for school purposes, and thus the said property came into the possession of the board of trustees of the Hickory High School for school purposes, and in such manner and for such purposes the property was thus vested in them for the use and benefit of the town of Hickory, its present owners, through the board of trustees of the Hickory High School, who took said property for the use and benefit of the said town of Hickory, its present owners."

We think this allegation of the bill, if true, as admitted by the demurrer, is ample to maintain the right of the town of Hickory to the possession and use of the property involved, as against appellants, so long as it is used for educational purposes, as conditioned in the deed from Russell to the Hickory Institute. When the property was turned over to the town of Hickory, through the Hickory High School, by the Hickory Institute, for educational purposes, the town of Hickory obtained the right to possess and use the property in the same manner and for the same length of time that the Hickory Institute was privileged to use it under the deed from Russell. Therefore the bill was not demurrable, and the chancellor was correct in so holding.

The bill also seems to claim title to the property by adverse possession, but we decline to decide that question at this time. We may point out, however, that the allegation of adverse possession is not clear and definite with reference to whether the possession was hostile and when it began.

Another ground in the bill for relief is that the appellants released their right of reversion in the land by a subsequent agreement. We also omit deciding this question as it may not arise again.

The judgment of the lower court is affirmed, and the case remanded, with leave to appellants to plead further

within sixty days after the mandate reaches the lower court.

Affirmed and remanded, with leave to appellants to plead further within sixty days.

*Affirmed and remanded.*