RUSSELL *et al. v.* TOWN OF HICKORY *et al.**

(Division B.     April 21, 1924.)

[99 So. 897.     No. 23801.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Injunction will lie against original owner undertaking to re-enter lands deeded for educational purposes after title acquired by limitations.*

Where a lot is deeded to school trustees of a chartered institution of learning, subject only to revert for failure to use the school property for educational purposes, and such trustees on the creation of a separate public school district by lawful authority turned the building and lot over to the public school trustees who ran a public school thereat for more than ten years, claiming to own the property, and are still using it for educational purposes, the original owner cannot re-enter after the expiration of ten years from the transfer and forfeit the title, and if he undertakes so to do he may be restrained by injunction.

2. ADVERSE POSSESSION. *Subsequent instrument releasing right of reversion in deed of land for school purposes held color of title under which adverse possession may extend to whole tract.*

   In such case, if the original owner sign an instrument waiving and releasing the reversion clause for a valuable consideration, it will constitute color of title under which adverse possession may extend to the whole tract, even though it is void because of the failure of the wife to join in the conveyance and the land is a part of a homestead of the grantor.

---

*Headnote 1.   Schools and School Districts, 35 Cyc, p. 925 (1925 Annotating);   2.   Adverse Possession, 2 C. J., section 336.

APPEAL from chancery court of Newton county.

HON. S. M. GRAHAM, Special Chancellor.

Suit by the Town of Hickory and others against L. M. Russell and another. From a decree for plaintiffs, defendants appeal. Affirmed.

See, also, 124 Miss. 628, 87 So. 150.

*Robert L. Bullard,* for appellants.

I.   *The Motion to Dissolve the Injunction.*   Dissolution of the injunction was sought, first, on the ground that the respondents were in possession of the property under a claim of title, the respondent having re-entered the property for condition broken, and that the complainant could not in this action cancel that part of the deed under which it held the property and because of a breach of which respondent claimed that he was re-invested with the title. To do that would be to invoke the aid of a court of equity to expunge from the deed the condition and leave it an absolute conveyance without reference to whether or not there had been a breach of the condition sought to be expunged; second, it is not competent in this action to try the question as to whether there has been a breach of the condition, much less to cancel the condition upon ascertainment that there has been no breach, and to perpetual-

ly enjoin appellants from ever hereafter asserting that there has been a breach of it, and, third, it is not competent in any event to enjoin respondent out of possession of property, title to which he, in good faith was claiming.

The bill of complaint shows that the town has never been in the possession of the property in any other sense than that the school was being taught in the house by sufferance. The title to the property rested either in the Hickory Institute or in Russell. The Hickory Institute held that title subject to a condition stated in the opinion in 76 So. 825.

When Russell, the grantor, deemed that the condition upon which he had donated the property to the Hickory Institute had been broken, he adopted the only appropriate remedy the law afforded him of asserting his right, that of re-entry. He may resort to ejectment if prevented from re-entering; otherwise re-entry seems to be his only remedy. See 13 Cyc. 711; *Memphis & Charleston Ry. Co.* v. *Neighbors,* 51 Miss. 412.

There is no evidence whatever of title in the town of Hickory. When the town established a separate school district the land belonged to the Hickory Institute. What became of the Hickory Institute does not appear. It may still be functioning for all the record shows, but when the town appointed its trustees of the separate school district, they took charge. The trustees of the one school stepped out and those of the other stepped in. No title whatever passed. The town trustees thought they were the successors of those to whom the property was deeded in trust for another institution.

Failing to find a resting place upon any sort of conveyance, they attempt the impossible, conditional adverse possession. The bill, as finally amended, is wholly insufficient to charge adverse possession. According to its allegations, the claim was conditional and extended for only the ten years last before the amendment attempting to set it up was filed. To make out adverse possession the claim of title must be absolute and unconditional, and that

must have been the quality of it for ten years before disseizin occurred or litigation started. Section 3094, Code of 1906; 1 Cyc. 1028. See, also, *Supervisors* v. *Masternardi,* 76 Miss. 273.

*Jacobson & Brooks,* for appellees.

There are three questions to be considered: First, that the property involved in this controversy, which was deeded to the trustees of the Hickory Institute, and its successors in office, is still being held by the successors in office of the Hickory Institute, and is being used for the very purpose for which it was deeded, and that the condition upon which the deed was made has never been broken, nor the property abandoned for the purpose for which it was conveyed.

Second, that the grantors in the former deed, in 1894, waived their right of reverter by deed, and thereby conveyed said property in fee-simple without reverter.

Third, that while it is true that in the deed from the defendants to the trustees of the Hickory Institute, that the grantors put a condition therein that denied them the right to enter said property until the condition was broken, and that adverse possession could not begin until the condition was broken; that by placing said condition therein the defendants (or appellants), placed a reverter clause in the deed, which made themselves remaindermen holding a reversionary interest, when the condition of the deed was violated or broken, and appellees took charge of the property and held it adversely to the grantors, as provided by law, and that they thereby acquired title to the property.

Now, if the trustees of the Hickory High School, who were appointed by the town authorities in Hickory, were the successors in office of the trustees of the Hickory Institute, which is a question to be determined legally, then the conditions of the deed have never been broken, and the appellants were properly restrained from entering upon said property.

It has been held in *Crowder* v. *Neal,* 100 Miss. 730, as follows: ''In order that one adverse possession may be tacked to another, there must exist privity of possession between the holders thereof. As a general rule, it may be created by any conveyance, agreement, or understanding that has for its object the transfer of possession and is accompanied by a transfer in fact.'' See also 1 Cyc, 1006; 2 C. J. 90, section 90; *McNeely* v. *Langan,* 22 Ohio St. 32, 37; *Bynum* v. *Stinson,* 81 Miss. 25; *Breland* v. *O'Neal,* 88 Miss. 449.

The testimony further shows that the authorities of the town of Hickory did not know of any reverter clause in the former deed, and that they were asserting ownership over said property, and had been since 1894, because in 1894 an ordinance was passed making the town of Hickory a separate school district. In 1900 another ordinance was passed to the same effect, which ordinance is copied in the record, and under the law in a separate school district, on which taxes were levied to maintain same, the inhabitants of the separate school district were entitled to the advantages of said school, and this did not include any of the surrounding country. The fact is also undenied that Russell, or his heirs, did not exercise any right to enter said property within ten years from said time, as provided for in section 3090, Code 1906, which is the statute of limitations, and they should have made an entry within ten years after the condition of the deed had been broken. We call attention to the case of *Brooks-Scanlon Co.* v. *Childs,* 113 Miss. 252, in which our supreme court adopted the rule from 1 R. C. L. 708, section 21.

Boiled down to the last analysis, the question is just this: the town of Hickory has had the right to own school lands and buildings since 1892, the time the legislature gave municipalities that right, and under the proof in this case it asserted official ownership over said property since 1892 and held same as its own in this way for over ten years before the appellants attempted to enter upon said land. This being town or city property, possession

thereof by the town of Hickory, and its acts officially asserting ownership thereof, was notice to the appellants.

Argued orally by *R. L. Bullard,* for appellants, and *Gabe Jacobson,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The town of Hickory, through its proper officers, filed a bill, originally against Frank Russell and L. M. Russell, seeking to restrain by injunction interference by the appellants with the property located in the town of Hickory, which had been used as a school building and grounds. The property was originally deeded by Frank Russell to the trustees of the Hickory Institute, a chartered institution of learning, and deed was made of the two acres by proper description, containing the following clause:

"It is hereby agreed and understood that the above-described two acres of land is deeded to the trustees of the Hickory Institute and to their successors in office, for the purpose of maintaining and operating a school for the benefit of the community and surrounding country, and when abandoned for educational purposes then the said two acres of land reverts back to the said party of the first part."

A similar deed to the two acres was made to the said institution by G. M. Raynor. On the 8th day of March, 1894, G. M. Raynor and Frank Russell executed the following instrument which was filed for record in the chancery clerk's office of the county:

"Know all men by these presents, that G. M. Russell and Frank Russell for and in consideration of the sum of ten dollars ($10) to us paid, hereby waive all reversionary interest in and to the following described lands: Four acres situated in the southeast corner of the northwest quarter of section 36, township 6, range 12 E. lying in Newton county, Mississippi, upon which land is situated a building known as the Hickory Institute, a conveyance of which has heretofore been executed by us. The pur-

pose of this deed is to secure Joe Russell in the sum of three hundred eighty-one and three one-hundredths dollars ($381.03), this day loaned the trustees of the said school.

"Witness our signatures this 8th day of March, 1894."

This deed was signed and acknowledged by the said G. M. Russell and Frank Russell and filed for record on the 12th day of March, 1894.

At the time of the original conveyance a school was conducted as a public school, the town having no separate municipal school, and thereafter a school known as the Hickory Institute was operated until about the year 1894, when the municipal authorities declared the municipality a separate school district, the legislature having authorized this kind of proceeding in the Code of 1892 (section 4011). When the municipality was declared a separate school district the trustees appointed by the municipal authorities took charge of the school and operated a municipal school in the said school building and exercised full control over it for school purposes.

Most of the witnesses described the process of transfer by saying that the old trustees stepped out and the new ones stepped into their places, and that the minutes and the records of the school were turned over to the new trustees by the old trustees. One witness says that he thinks there was some kind of a writing transferring the school, or some instrument of conveyance, but the testimony is not specific and strong along this line.

This case has been before this court twice before. It was first reported in 116 Miss. 46, 76 So. 825; and second, in 124 Miss. 628, 87 So. 150; the prior appeals being from orders on demurrers to the bill.

After the remand of the cause on the last appeal, Frank Russell having died, the suit was revived against his heirs, and the bill was amended by inserting after the first paragraph on the ninth page of the amended bill the following:

''Complainants would further represeut unto this honorable court and aver that, if it should be contended by, or is the contention of, the defendants herein that the complainants herein did not acquire the property here in question, and have not the right to hold it as their own against the original grantors for educational purposes as conditioned in the deed of the original grantors, or otherwise hold said property as their own, then the complainants herein respectfully charge as true that they have been in possession, control, and have held said property in actual, open, notorious, uninterrupted, exclusive and continuous occupancy as their own, hostile to the defendants herein, for more than ten years, in that, if the condition in the deed of the original grantors was broken, and the said property passed out of the possession of, or under the control of the trustees of the Hickory Institute, and that the complainants are not the successors in office of the said trustees of the Hickory Institute, and that when said property was delivered to and passed in the possession and under the control of the said complainants, and that said property was from that time not occupied and used under the conditions in the deed of the original grantors, complainants charge that at the time said property came into the possession, control, and occupancy of the complainants through color of title, and that the complainants have held and used said property as aforesaid mentioned, and in the manner and way aforesaid mentioned, all of which was and is well known to the defendants herein, and that the said complainants have for more than ten years last past, used said property openly and notoriously, and have actually occupied same hostile to the rights of said defendants, and that the said defendants have not paid any taxes on said property, nor have they had any control over said property, and that said property has been openly and notoriously known as 'the property of the said town of Hickory' and used by it for educational purposes as town property, and that said property has been given all the exemptions that

property is given when held and possessed by a municipality; all of which facts are well known, and actually known to the defendants, and have been known to the defendants for more than the last past ten years, and that the said complainants have so held, controlled, occupied, and possessed said property in the manner aforesaid as to give the complainants a full and complete title and ownership of and to said property.''

The defendants answered the bill and set up a breach of the reversionary clause in the original deed and also set up that the said conveyances were void because the two acres of land attempted to be conveyed thereby constituted a part of the homestead of Frank Russell, and that his wife did not join in the conveyance, and also that the wife did not join in the second instrument hereinabove quoted, and that it was void.

It appears that about the year 1916 the town of Hickory erected a new school building on another and different lot, and the board of mayor and aldermen passed an order declaring their intention not to abandon the old school site for educational purposes, but that it was their purpose and intention to reserve it for playgrounds and for a place of meeting for the trustees of the school, and for the teachers of the municipality, and for a meeting place for teachers of the county, beat and municipality. It appears from the evidence that the building was continuously used for school purposes from 1889 to 1916; up until 1894 it was operated as a chartered institution of learning whose trustees were selected annually by a vote of the patrons of the school, but in 1894, or thereabouts, the municipality declared the town a separate school district and appointed trustees who took charge of the building on the said grounds and took charge of the minutes and records of the Hickory Institute, and it seemed to be regarded by all persons that the trustees of the municipality succeeded the trustees of the chartered institution. It will be noted from the original deed of Frank Russell to the trustees that the property was deeded to the trustees in

fee-simple, subject only to the reservation, and subject to that right only the title vested fully and completely in the said trustees. After the town constructed a new school building in 1916, Frank Russell fenced up the two acres and excluded the students and town authorities therefrom, which resulted in the procuring of the injunction above stated.

It seems to us on the facts shown in the record, that there was no breach of the reversionary clause, even if that was not eliminated by the second instrument referred to, which was executed in 1894. It also appears to us that the character of the occupancy of the property from 1894 to the date of the filing of the bill was adverse to the appellants. It appears to us that the instrument executed by Raynor and Russell in 1894 constitutes such color of title against Russell that the possession would be not only good, subject to the reversionary clause, but would also, under the testimony, be hostile, and under a claim of full and complete title under that instrument as a color of title. It is true that the law required the wife to join in a deed conveying the homestead, and that these instruments were not originally valid because he and his wife occupied the property as a homestead. However the execution of the deed and the occupancy and use of the property thereunder for more than ten years thereafter would carry the title within the calls of the deed as though it were validly executed.

The amended bill not only prayed for an injunction but prayed also for a cancellation of the appellants' claims against the property and for a confirmation of the municipality's title thereto.

We think there is sufficient evidence to warrant the chancellor in finding against the appellants upon all propositions, and the judgment will be affirmed.

*Affirmed.*