RICKS *et al. v.* MERCHANTS NAT. BANK & TRUST CO. OF
VICKSBURG *et al.*

(In Banc.   May 12, 1941.)

[2 So. (2d) 344.   No. 34566.]

R. H. and J. H. Thompson, of Jackson, for appellants.

Dent, Robinson & Ward, of Vicksburg, for appellees.

Argued orally by **R. H. Thompson**, for appellants.

**McGehee, J.**, delivered the opinion of the court.

The question involved in this suit is whether a possibility of reverter owned at the time of her death by the testatrix, Mrs. Fannie Willis Johnson, in certain real estate in the City of Vicksburg, was devised to a residuary devisee therein named, subject to any indebtedness of the estate and the payment of the specific legacies provided for, or descended according to the laws of descent and distribution.

On June 23, 1926, the testatrix executed a deed in favor of the Mayor and Aldermen of the City of Vicksburg, conveying the property here involved, and containing the following provision: "The land aforesaid is hereby conveyed unto the said Mayor and Aldermen of the City of Vicksburg as aforesaid for use solely as a site for a public school for white children, and with the understanding, and subject to the condition, that if the said Mayor and Aldermen of the City of Vicksburg shall not, within the period of ten years next following the date of this conveyance, erect on said land for use as a public school for white children as aforesaid, a building to cost not less than the sum of Fifty Thousand Dollars ($50,000.00), the title to said land shall, ipso facto, on the expiration of said period, revert to and become revested in me."

The Mayor and Aldermen of the City did not construct

a school of any kind on this property within ten years following the date of the conveyance. Mrs. Johnson, the grantor, died on September 2, 1931, which was of course prior to the expiration of the ten year period prescribed in the deed, and at her death left a will devising all her property, real and personal, which should remain after payment of the special legacies and the debts of the estate, to a residuary devisee, and in which will the appellees were named as executors.

On September 8, 1936, the Mayor and Aldermen undertook to convey the real estate in question to the executors; and thereafter these executors undertook to convey the same to the appellants, who are the next of kin and heirs at law of the testatrix. For obvious reasons these two deeds were ineffective to convey the title to the heirs at law, since their rights in the property, if any, would be by inheritance. The Mayor and Aldermen had no title to convey to the executors, after the expiration of the ten year period during which there had been a failure to erect the school building required by the terms of the deed to the City of Vicksburg from Mrs. Johnson, and hence the executors acquired no right under the deed to them from the Mayor and aldermen which they could convey to the heirs at law, their only right or interest in the property being to administer the estate according to law and in order to carry out the will of the testatrix.

This brings us to the main issue here in controversy, that is to say, whether the appellants, as the heirs at law of Mrs. Johnson, inherited from her at the time of her death in September, 1931, the possibility of reverter which was created in the property under the terms of the deed executed by her to the Mayor and Aldermen of the city in 1926, or whether the same passed at her death under the will in favor of the residuary devisee.

It is well settled that under the common law a mere possibility of reverter is not an estate, present or future, but a possibility of having an estate; that possibilities of reverter were inalienable at common law by deed or will,

since such a right arises out of a grant so limited that it may last forever or may terminate on a contingency, and is a mere possibility of having the fee again, which exists in a grantor after the grant of a determinable or qualified fee. Such a right, however, was at common law descendible. 23 R. C. L. 1104; 21 C. J. 1017; Copenhaver v. Pendleton, 155 Va. 463, 155 S. E. 802, 77 A. L. R. 324; Clapp v. Wilder, 176 Mass. 332, 57 N. E. 692, 50 L. R. A. 120. It was held in the Copenhaver case that the possibility of reverter while not devisable at common law may be made so by statutes providing that any interest in or claim to real estate may be disposed of by deed or will. See also 28 R. C. L. 287; Young v. Young, 89 Va. 675, 17 S. E. 470, 23 L. R. A. 642.

By Article 1, Chapter XXXVI, Code of 1857, it is provided that ''any interest in, or claim to, real estate, may be disposed of by deed or will, and livery of seizen shall not be necessary; and any estate may be made to commence in futuro by deed, in like manner as by will.'' This section was carried forward as Section 2284, Code of 1871, and was construed in the case of Cassedy v. Jackson, 45 Miss. 397, 407, to have removed restraints from free alienation of property. In that case it was held that the said statute of 1857 ''changes the rule of the common law above discussed upon this subject, and removes all restraints upon the alienation and transfer of real estate.'' But in the Code of 1880, Section 1187, the reference to ''deed or will'' is omitted, and the section has since been carried forward, as there enacted, into subsequent codes, it now appearing as Section 2110, Code of 1930, reading as follows: ''Any interest in or claim to land may be conveyed to vest immediately or in the future, by writing signed and delivered; and such writing shall have the effect to transfer, according to its terms, the title of the person signing and delivering it, with all its instruments, as fully and perfectly as if it were transferred by feoffment with livery of seizin, notwithstanding there may be an adverse possession thereof.''

This statute was construed by this Court in the case of Hamilton et al. v. City of Jackson, 157 Miss. 284, 127 So. 302, and it was held that a possibility of reverter is alienable by deed under the terms of the present statute, whereas it was not alienable at all, either by deed or will, under the common law. In that case the grantor had executed a deed containing a possibility of reverter and thereafter executed a warranty deed conveying the fee to a different grantee and the City of Jackson was claiming the title through both conveyances, the warranty of the fee having inured to its benefit as well as the possibility of reverter then held by the grantor, and hence that case is not decisive of the point at issue in the case at bar. What was said in that case is important here only as deciding the question that a possibility of reverter is now alienable by means of a deed under and by virtue of the statute above mentioned. The remaining inquiry is whether or not since a possibility of reverter is now alienable in this state it may be alienated by will as well as by deed. In determining that question it is important to revert to the fact that the Legislature of the state by Article 1, Chapter XXXVI, Code of 1857, supra, has once expressly declared that "any interest in, or claim to, real estate, may be disposed of by deed or will," and that this statute was construed in the case of Cassedy v. Jackson, supra, to mean that all restraints from the free alienation of property either by deed or will had been thereby removed. In view of this declared public policy as to the free alienation and transfer of property, can it be said that the Legislature in enacting Section 1187 of the Code of 1880 intended to reverse this policy by preventing an interest in or claim to land being conveyed by will when it omitted both the words "by deed or will" contained in the former statute and substituted in lieu thereof the words "by writing, signed and delivered"? Or did not the Legislature in keeping with the previously declared intent in that behalf intend to enlarge the right to convey any interest in or claim to land by permitting

it to be done not only by deed or will but by any other instrument of writing signed and delivered, by which either the legal or equitable title to land might become vested in a purchaser, or in another in trust for a third person. We think that such is the proper construction of the statute, and especially in view of the fact that we are unable to conceive of any reasonable basis for a distinction that would permit the disposition of any interest in or claim to land by deed, and which would at the same time deny the right to dispose of the same by will. There was no such distinction at common law so far as a possibility of reverter was concerned, since such a right was not then alienable either by deed or will.

It is contended, however, that the language of Section 2110, Code of 1930, brought forward from the prior codes beginning with that of 1880 only permits the conveyance of land by a writing signed and delivered, and that it therefore does not apply to a will for the reason that no title passes under a will during the lifetime of the testator and such an instrument is not a writing signed and delivered. It must be conceded, however, that under Section 3550 of the Code of 1930 any person competent to make a will has the power "to devise all the estate, right, title, and interest in possession, reversion, or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands . . ."; and we are of the opinion that the language of the statute granting the right to convey an estate, right, title and interest in "reversion" is not used in a restricted sense, but that "reversion" would include the right of reversion which would mature into an estate upon the happening of an uncertain future contingency the same as upon the happening of an event which at the time of the execution of a conveyance is certain to occur in the future. In other words, that it was intended by this statute to grant the right to devise by will any estate, right, title and interest in land that a testator or testatrix might then own, or at the time of his or her death shall have, and that this right

would include a possibility of reverter owned at the time of the execution of the will. Moreover, referring again to Section 2110, supra, such an instrument is a writing signed under an authorization for delivery upon the happening of the event which is to vest title in the devisee.

We are therefore of the opinion that the decree of the court below whereby the conveyances from the Mayor and Aldermen to the executors and from the executors to the appellants, as well as the claim of the latter as heirs at law of the testatrix, was cancelled as a cloud upon the title of the residuary devisee under the will should be affirmed, and subject to the right of the executors to pay the special legacies and any debts owing by the estate as decreed by the court below.

Affirmed.