## Broome *v.* Jackson.

(In Banc. April 27, 1942. Suggestion of Error Overruled May 25, 1942.)

[7 So. (2d) 829. No. 34959.]

(In Banc.   May 25, 1942.)

[8 So. (2d) 245.   No. 34959.]

For former opinion, see 7 So. (2d) 829.

**Stewart C. Broom**, of Jackson, for appellant.

**B. D. Wade**, of Jackson, for appellee.

Stewart C. Broom, of Jackson, for appellant, on suggestion of error.

**Anderson, J.,** delivered the opinion of the court.

The appellee, Mary Jackson, a negro woman, filed her bill in the Chancery Court of Hinds County against the appellant, Mrs. J. W. Broome, and any others claiming an interest, seeking under the authority of sections 403 and 404, Code of 1930, to confirm her title to ten acres of land in Hinds County, and to cancel and remove, as a

cloud upon her title thereto, the adverse claim of title of Mrs. Broome, and also against any others claiming interest therein, and also prayed that possession and rents be awarded her. There was an original bill and three amendments and a demurrer thereto by Mrs. Broome. The complainant's case was finally embodied in the original bill and the third amendment. The demurrer was overruled, and Mrs. Broome granted an appeal to settle the principles of the case.

Attached to the bill is the complainant's deraignment of title. It shows that the land was conveyed to complainant's husband, Enoch Jackson, by W. J. Griffin on February 13, 1903, and that Mrs. Broome's claim of title is based on a conveyance to her by L. H. Greaves on December 28, 1934; and that Greaves claimed title through a tax sale of the land. The bill alleged that the tax sale was void, and it had been so held by the Supreme Court in a certain case (naming it). Complainant's title is based on the conveyance to her husband, and open, notorious, adverse possession by her for more than ten years before suit was brought, and before Mrs. Broome received her conveyance.

The bill alleges that the complainant and her husband, Enoch Jackson, resided on and occupied the land as their home until 1920, when her husband deserted and left her, and that his whereabouts since then are unknown; that since that time, and up to some time in 1934, she has been in actual, open possession of the land, claiming it was hers, against everyone; that in 1934 she was forced through fear and intimidation to abandon possession of the land, and that immediately thereafter Mrs. Broome went into possession, and has so continued up to the bringing of this suit.

The two questions raised by demurrer are: (1) Whether the complainant shows a good title and right to possession of the land, as against Mrs. Broome's claim; and (2) whether, in view of the allegation in the bill, that the com-

plainant was out of possession, and Mrs. Broome was in possession, the former was entitled to the relief prayed therefor.

Taking up the questions in the order stated:

(1) Although the case of Lincoln v. Mills, 191 Miss. 512, 2 So. (2d) 809, 3 So. (2d) 835, is not in point on its facts, nevertheless, the court held in that case that a wife could acquire title by adverse possession of land against her husband, although they were living together as man and wife. We have here, not a man and wife living together in that relation, but a husband who had abandoned and deserted his wife for more than twenty years before the bill was filed, and, furthermore, a husband who had been divorced at the instance of his wife for more than fifteen years before the suit was brought. Her claim of title and possession went unchallenged until 1934, when Mrs. Broome forced her out of possession and began to claim title. Under the law the complainant was required to show a good title in herself. This we think she did.

(2) Section 403 of the Code, authorizing bills to confirm title to land provides, among other things, that the complainant must either show that he is the owner, and in possession, of the land, or that he is the owner and the land is unoccupied. Here, as shown above, the land was occupied when the suit was brought by Mrs. Broome. In Hume v. Inglis, 154 Miss. 481, 122 So. 535, construing section 403 of the Code, it was held that either possession in the complainant, or the fact that the land was unoccupied, was indispensable to the confirmation of title. Under section 404 of the Code, authorizing the removal of clouds from titles to land, possession by the complainant, or nonoccupancy of the land, are not required as a condition precedent to the right.

The result is that the demurrer was rightfully overruled as to that feature seeking to remove clouds from complainant's title, and for possession and rents; and ought to

have been sustained as to the other feature, which sought confirmation of the complainant's title.

Affirmed in part, reversed in part, and remanded.

### DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

The named defendants to the appellee's bill of complaint are Mrs. J. W. Broome and Enoch Jackson, the appellee's former husband, who is alleged to be a nonresident of the state, whose post office address is unknown and for whom publication was made. Mrs. Broome appeared and demurred to the bill of complaint. Enoch Jackson did not appear and as to him no disposition of the case has been made. The demurrer to this bill of complaint should have been sustained for the reason that the appellee's deraignment of title to the land does not disclose that she is the owner thereof. The bill does not disclose that the Government has parted with its title to the land, but that aside, it does disclose that the appellant is and has been in possession of the property since some time in 1935 under a deed thereto from L. H. Greaves executed in December, 1934, and that Greaves claimed by mesne conveyances from Dave Banks under a deed executed by him February 1, 1933. The bill then discloses that W. J. Griffin conveyed the land to Enoch Jackson on February 13, 1903, and that on the same day he also conveyed it to Alice Jackson. The bill then alleges that Mary Jackson, the appellee, and the defendant Enoch Jackson were married in September, 1900, and they lived together as man and wife until some time in October, 1920, presumably, though it is not expressly alleged, on the land in controversy, when Enoch Jackson deserted her, and that thereafter she continued in possession of the land until February 23, 1935, when she was forcibly driven from it by persons to her unknown and that the appellant Broome ''took possession of the place in 1935

after the complainant had been forced to leave the place." In passing, I will say that the bill does not allege that "Mrs. Broome forced her (the appellee) out of possession and began to claim title," but only as I have hereinbefore set forth. The bill further alleges that Mary Jackson obtained a divorce from Enoch Jackson on June 4, 1926. It discloses that the title to this land is in the defendant Enoch Jackson, the appellee's husband, unless his title thereto has been divested by adverse possession thereof by the appellee. It does not disclose that the appellee's possession of the land prior to her divorce from her huband was adverse to him.

"Where parties, one of whom is claimed to have possessed adversely to another, are husband and wife, a degree of proof of adverse possession more strict than usual is required. Until some reason exists for the assertion of a title by the husband or wife, one against the other, the presumption will conclusively obtain that the possession of each is through, and on account of, the family relation, and not under a claim of ownership adverse to the title under which possession was taken, in whichever of the parties that title may be." 30 C. J. 579. It was Enoch Jackson's marital duty to provide the appellee with a home as long as she remained his wife, and when he permitted her to remain on the land in his absence therefrom, the presumption is that he did so in fulfillment of this duty to her and nothing in the bill of complaint indicates the contrary. Cf. Lincoln v. Mills, 191 Miss. 512, 2 So. (2d) 809, 3 So. (2d) 835. Enoch was relieved from this duty by the divorce granted the appellee on June 4, 1926, from which time I will assume that the allegations of the bill disclose that the appellee held the land adversely to Enoch. That possession however continued only to February 23, 1935, a period of time less than ten years, unless that period is extended by reason of the fact that on February 23, 1935, she was forcibly driven from and caused to abandon the land by unknown

persons. "Abandonment of the land before perfection of title interrupts adverse possession . . . although it was involuntary." 2 C. J. S., Adverse Possession, sec. 146. After the appellee abandoned the land, she asserted no further claim thereto until the filing of this bill of complaint more than six years thereafter. Had she instituted legal proceedings to regain possession of the land within a reasonable time after she was driven therefrom, a different question would be presented.

## On Suggestion of Error.

**Roberds, J.,** delivered the opinion of the court on suggestion of error.

It is suggested the phrase ". . . when Mrs. Broome forced her out of possession . . ." in our original opinion was erroneous; that the bill does not so state. We think that conclusion might fairly be drawn from the allegations of the bill, but whether the statement is technically accurate or not, it does not change the result.

It is further suggested that reference to Lincoln v. Mills, 191 Miss. 512, 2 So. (2d) 809, 3 So. (2d) 835, was construed as holding that a wife might acquire title by adverse possession to the homestead as against the husband. Such was the holding under the peculiar facts of that case. Yet it is well to supplement this general statement with an explanation that the legal principle was invoked under circumstances when the wife not only had color of title, but such title and claim of the wife were known and recognized by the husband during his lifetime. Moreover, there were other positive acts of dominion exercised by the wife to the husband's knowledge. Our former opinion, 7 So. (2d) 829, merely recognizes the right of the wife in this case to show, by evidence of such nature and positiveness as is required in such cases, that the title of her husband had been divested and she had been invested therewith.

The writer desires to say that in his opinion neither the wife nor the husband can acquire title to the homestead by adverse possession as against the other while they are living together as man and wife thereon, whether such claimant has or has not color of title.

Suggestion of error is overruled.