## ITAWAMBA COUNTY *v.* SHEFFIELD.

(Division B.   May 24, 1943.   Suggestion of Error Overruled Sept. 27, 1943.)

[13 So. (2d) 649.   No. 35381.]

360

Mitchell & Clayton, of Tupelo, for appellant.

**C. R. Bolton**, of Tupelo, for appellee.

364

**Alexander, J.**, delivered the opinion of the court.

The County of Itawamba filed its bill to remove cloud upon the title to certain property used for school pur-

poses. The chancellor fixed the boundaries of this property, and its description will be set out by the Reporter in the margin.[1]

It was alleged, but not proven, that the county had a deed to the lands, but its claim is based upon an adverse possession extending back for a period "beyond the memory of man now living." The evidence showed that it had been so used for nearly eighty years. The defendant, appellee here, in his answer did not assert an absolute title but stated "he is claiming that he has a reversionary interest in and title to said property, for the reason as heretofore set forth, and asserts that he is the owner of the reversionary interest therein; that he does not dispute the right of the complainant to maintain a school on said property, so long as it may be used for the purpose of teaching school therein." It is clear therefore that defendant claims merely a possibility of reverter. Ricks v. Merchants Nat. Bank & Trust Co., 191 Miss. 323, 2 So. (2d) 344.

Evidence as to the actual assertion of claim thereto by the county was objected to but ruling thereon was not made by the chancellor. Other objections to testimony by both parties were likewise deferred upon like reservation, and since there was no final ruling thereon nor re-

---

[1]Beginning at the northwest corner of Lot 6 in Block 5 of the outside donation of the Town of Fulton, Mississippi, and which corner is the intersection of the north line of the lot sold by A. D. Graham to A. J. Maddox, with the east line of Clifton Street or the Fulton and Aberdeen Highway, running easterly along said line 304 feet more or less to the corner of fence, running thence along fence in the northwesterly direction 300 feet more or less to the south line of the drive or street leading from Clifton Street to the residence of I. L. Sheffield; thence in a westerly direction 197 feet more or less to a point on the east line of Clifton Street or the Aberdeen and Fulton public road which is 263 feet north of the point of beginning; thence south along the east line of said Clifton Street 263 feet to the point of beginning; all being in Block 5 of the outside donation of the Town of Fulton, in Itawamba County, Mississippi, and being in Section 25, Township 9, Range 8, East.

quest therefor, we must assume that this evidence was taken into consideration by the court in his decision. Banks v. Banks, 118 Miss. 783, 79 So. 841; Griffith, Chancery Practice, Section 583.

However, it is clear that the complainant met its burden of proof showing an adverse possession for a period greatly in excess of the statutory prescriptive, and that in the absence of evidence sufficiently explaining or modifying its possession, it would be entitled to a decree.

The contention of the defendant is that the holding of the complainant originated permissively and that the defendant was vested with a reversionary interest. There is evidence that the defendant made some use of the property by cutting timber and building fences and otherwise, but he makes no contention that his claim is based upon an adverse user, but rather that such use was evidence of the fact of his claim. In this light, the payment of taxes thereon at isolated intervals by his grantor must also be adjudged. In his testimony, he states "I have claimed merely this: When the school was through with that part of the property which they are using, that is on the outside down there, then it was mine; that is, I own the title when they abandon it." And again he stated: "I base it on this, that I have a record title to this property from the Government on down to me and that the records don't show that any deed was ever made to anyone other than me." That he based his claim upon his deed was again elsewhere asserted. The title acquired by adverse possession is complete and avails against the claim of any person regardless of the record evidence by which such claim may be shown.

But the defendant urges that the county was holding the lands permissively and that no tenure thereof, however prolonged, could be effective to establish an adverse holding. Putting aside well-recognized exceptions to this rule, the conclusion is correct if the premise be assumed. But he must establish as part of his defensive burden that the original occupancy by the county was

permissive. 2 C. J. S., Adverse Possession, Sec. 214, subsec. b, 216.

To meet this burden, defendant was permitted to quote Dr. Walker, his immediate grantor, to the effect that there was a verbal understanding that the county could use the property for school purposes as long as it desired, but that upon abandonment the title would revert to the original grantor or his assigns and that this agreement "had been handed down to him." The ruling on objection to this testimony was reserved and not thereafter called to the court's attention. We question but need not decide the admissibility of this hearsay evidence (as to which see Catchot v. Town of Ocean Springs, 78 Miss. 509, 29 So. 468), especially since it is not sought to be used to reinforce a right based upon mere claim of title. However, the testimony shows that two of the trustees of the school disputed with Dr. Walker the right of the latter to fence off a part of the property, claiming that there was a deed to the school and threatening to seek the aid of the courts to prevent what they deemed an invasion of the school lands.

The record shows that the learned chancellor was influenced in his decision by the absence of proof of an original grant or deed to the county and denied the right of the county to use naked possession as a basis for a presumption of the existence of a deed. The fiction or presumption of a lost grant is inherent in the doctrine of prescriptive title by immemorial possession and use. It is but the reflected light from the principle itself, and when an adverse possession is shown, there is no need to seek the aid of such presumption. 2 C. J. S., Adverse Possession, sec. 231, subsec. a. If such presumption were here involved, it would, however, operate to aid not the case for the defendant but that of the complainant. Nixon's Heirs v. Carco's Heirs, 28 Miss. 414; Caruth v. Gillespie, 109 Miss. 679, 68 So. 927; Hewling v. Blake, 110 Miss. 225, 70 So. 247; J. H. Leavenworth & Son v. Hunter, 150 Miss. 245, 116 So. 593.

The defendant is remitted therefore to his contention that he and his predecessor in title understood that these lands were so held. A possibility of reverter may not be so shown. C. F. Magee v. Magee, 37 Miss. 138. None of the deeds in his chain of title discloses such conditional tenure. His claim must arise under deed or other instrument. There is no claim that his occasional uses of the property are bases for establishment of a reversion by acts in pais. Defendant does not seek to disrupt the continuity of the county's open, notorious and exclusive occupancy by a hostile and adverse use. He stands upon the notoriety of the assumption that the original occupancy was permissive. In this he begs the question. There is no presumption available by which he may supply the existence of a conditional grant. A permissive user must color the initial occupancy by the county, and since the conditions under which it originally went into possession are not shown, defendant's proof of a permissive use is insufficient.

No original deed to the county is shown and if its existence should be supplied by the presumption of a lost grant, such presumption would not ex proprio vigore supply a deed with a reversionary interest. Defendant's claim of a use by permission is found to be a corollary of his claim to a reversion. Evidence of the practice in other school districts by which grantors have included reversions in their deeds to school lands was not relevant proof.

We hold therefore that the county's proof was sufficient to establish title by adverse possession. Russell v. Town of Hickory, 135 Miss. 184, 99 So. 897. The learned chancellor decreed title in defendant subject to use by complainant for school purposes only. We find insufficient support for such conclusion.

We may not concern ourselves over what is usually done and what was probable. The obstacles to defendant's complete proof may be insuperable. It is this very difficulty which is recognized in the doctrine of adverse

possession and in our statute, and which here inures to the benefit of the party in possession.

Since the burden of establishing a permissive use was upon the defendant and none of his evidence is competent or adequate to this end, there is no cause to remand the case.

Reversed and decree here for appellant.