IRVING, J.,
for the court.
¶ 1. Trustees of the Joint Heirs with Christ Outreach Center appeal from an order of the Chancery Court of Attala County dismissing with prejudice their complaint to confirm title to a tract of real property allegedly owned by them. In this appeal, they raise the single issue of whether the lower court’s dismissal of the case without resolution of the boundary dispute was reversible error.
FACTS
¶ 2. In 1993, Pastor Jerry Dixon and his wife, Louiza Dixon, on behalf of the Joint Heirs with Christ Outreach Center, purchased 6.8 acres of land from Annie Payne. The deed received by the church described the quantity of the property as “6.8 acres more or less.” Also, the deed referred to a sixteen-inch pine tree located on the east property fine. The Dixons believed this pine tree to be a landmark of their property line because this was told to them by Payne. The sixteen-inch pine tree description has been in the deed since 1946. The Outreach Center property is surrounded on the west, north, and east by property initially owned by Coleman and Joyce Genelle Parker. The south boundary is Mississippi State Highway 12.
¶ 3. In 1994, the Outreach Center cut timber from the land. In 1995, the Par-kers erected a fence along the east boundary line. Because the Outreach Center believed that the fence abridged its property on the eastern boundary, the trustees of the Outreach Center filed against the Parkers a complaint to confirm and quiet title and to remove the cloud upon their title.[1]
¶4. In the body of the complaint, the Outreach Center alleged:
Plaintiffs have been in continuous and uninterrupted occupation and possession of the subject property since 1993. And since 1993 Plaintiffs’ use of the subject property has been exclusive and peaceful, open and notorious and undisputed and Plaintiffs’ claim title to the subject property.
The subject property is under a fence which predates the Plaintiffs’s initial occupancy of the property in 1993. Plaintiffs’ ownership of the property has never been questioned by the Defendant’s [sic] predecessors and the old fence referred to above has been recognized and acknowledged as the boundary line between Plaintiffs’ land and Defendant’s [sic] land even before 1993.
*1204 In the prayer of the complaint, the Outreach Center requested that it be adjudged “to be the sole owners by record title” to the property in dispute.
115. The matter came on for hearing in due course, and at the conclusion of the Outreach Center’s case, the trial court, on motion of the Appellees, Meggs and Pickle, dismissed the Outreach Center’s claim to confirm title to the property and to remove the alleged cloud on title.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. The Dixons asserts that the chancellor committed manifest error in not resolving the boundary line dispute. Moreover, the Dixons contends that the record lacks substantial evidence in support of the motion to dismiss.
¶ 7. In boundary disputes, a determination of the legal boundary between properties is a question of fact for the chancellor. Farris v. Thomas, 481 So.2d 318, 319 (Miss.1985). When reviewing a chancellor’s findings, this Court will not disturb such findings unless the chancellor abused his discretion, was manifestly wrong, or clearly erroneous. Zeman v. Stanford, 789 So.2d 798, 801-02(¶ 12) (Miss.2001).
¶ 8. In suits to confirm title, or to remove clouds, it is the duty of claimant to deraign title. Russell v. Town of Hickory, 116 Miss. 46, 52, 76 So. 825, 825 (1917). To have title confirmed, the claimant must either be in possession or the property must be unoccupied. Id.; Miss. Code Ann. § 11-17-29 (1972). To remove a cloud on title, the claimant may properly bring, suit against someone in possession. Broome v. Jackson, 193 Miss. 66, 72, 7 So.2d 829, 831 (1942); Miss.Code Ann. § 11-17-31 (1972).
¶ 9. In support of its claim to the property, Outreach Center offered neither its deed nor a survey. It relied upon the testimony of two of its trustees and Mr. Aaron Smith, an unlicenced surveyor with a degree in construction engineering and technology from Mississippi State University and fourteen years of experience in surveying. Mr. Smith was employed by BDK and Associates, which does have a surveyor’s license in Mississippi. Mr. Smith testified that he surveyed the property claimed by the Outreach Center. He further testified that discrepancies existed in the Outreach Center’s deed and that the description did not close.
¶ 10. “The complainant in a bill to remove clouds and establish title to land has the burden of showing perfect title in himself.” Culbertson v. Dixie Oil Co., 467 So.2d 952, 954 (Miss.1985). In granting the motion to dismiss at the conclusion of Outreach Center’s case, the chancellor stated “in order for the church to maintain this claim, it is still necessary for the church to show good title.... Well, because the proof has just failed to establish that, the Court is of the opinion that the motion should be sustained.”
¶ 11. Outreach Center’s evidence fell short of the requisite proof in order to prevail. The chancellor did not err in dismissing the complaint.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF ATTALA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. While it is not entirely clear from the record, it appears that Coleman Parker is deceased, leaving his wife Joyce Genelle Parker and their two children, Deborah P. Meggs and Patricia P. Pickle, as the current owners of the property in question.