344 P.2d 983

Seymour **THOMPSON** and Wendell L. Thompson, Co-Administrators of the Estate of Glenn Wendell Thompson, also known as Wendell Thompson, deceased, Plaintiffs and Respondents,

v.

Andrew H. **GRIFFITHS** and wife, Adeline Griffiths, Defendants and Appellants.

No. 9009.

Supreme Court of Utah.

Oct. 14, 1959.

Young, Thatcher & Glasmann, Ogden, for appellants.

L. Delos Daines, Salt Lake City, Daines & Daines, Logan, for respondents.

WADE, Justice.

This suit was commenced by the administrators of the Estate of Glenn Wendell Thompson, deceased, to quiet title to certain farm lands located some distance north and east of Clarkston, Cache County, Utah. Andrew H. Griffiths, one of the appellants herein, filed an answer claiming a prescriptive right to travel along a roadway he averred was an established road which left his land where it adjoined respondents' eastern boundary and then crossed respondents' land in a general southwesterly direction to the southwest corner thereof where it entered a county highway extending in a northerly and southerly direction along the west side of respondents' property. Appellant Adeline Griffiths answered disclaiming any interest in the land other than as the wife of Andrew H. Griffiths and asked that the suit be dismissed as against her.

After the trial, the court, sitting without a jury, as finder of the facts found that during the lifetime of the deceased, Wendell Thompson, there existed a close and friendly relationship between appellants and deceased and that appellant Andrew Griffiths and his agents were allowed to cross and travel over the Thompson property on routes indicated by the Thompsons. The court found that Thompson operated his land in the regular dry-farming manner, that is by planting and cropping one-half each year and letting the other half lie fallow, so that one-half was plowed each year, and all of it every other year, including the roadway over which the defendants traveled. The court also found that never at any time did appellant or his predecessors in interest for a period of twenty consecutive years make an adverse or hostile use of the Thompson property nor did they at any time own an easement consisting of a right of way over it.

All the parties to this action agree that where there has been an open, continuous use of land for twenty years, the prescriptive period in Utah, there is a presumption that the use was against the owner and not under him and the burden of proof is upon the owner of the servient estate to show that the use was permissive and not adverse.[2] It is appellants' contention that respondents have failed to carry this burden and that the evidence was insufficient to sustain the court's findings of fact.

We have carefully examined the record and although much of the testimony

2. Zollinger v. Frank, 110 Utah 514, 175 P.2d 714, 170 A.L.R. 770.

was controverted it would serve no useful purpose to go into the details. Suffice it to say that there was sufficient evidence from which the trier of the facts could reasonably find that at no time was there a full twenty-year period when the use by the owners of the dominant estate was adverse and uninterrupted. Also the evidence sustains the finding that during all the time that appellant Andrew Griffiths used the land it was with the permission of the owner of the servient estate and not against him. The court therefore did not err in making its findings and concluding that appellants did not have an easement over the property.

 In granting judgment adverse to appellants the court granted costs as against Adeline Griffiths as well as against Andrew H. Griffiths. No costs should have been allowed against Adeline Griffiths since she disclaimed any interest in the property. It was her husband who was making the claims and who was responsible for the costs incurred by respondents in asserting their title. Since Adeline Griffiths' rights, if any, depended entirely on Andrew Griffiths' rights, respondents were not obliged to put in any more proof or incur any extra expenses because Adeline Griffiths might have a dower interest in the property if it were found her husband owned the easement. Under such circumstances, in view of her disclaimer, costs should not have been allowed against her.

Affirmed, with the exception of costs allowed against appellant Adeline Griffiths. Costs to respondents.

HENRIOD, McDONOUGH and CALLISTER, JJ., and JOSEPH E. NELSON, District Judge, concur.

CROCKETT, C. J., having disqualified himself, does not participate herein.