L. CARLTON SMITH et al., Respondents, v. MAUDE FOLMSBEE et al., Appellants.—GABRIELLI, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 5, 1968 in Broome County, upon a decision of the court at Trial Term, without a jury. Appellants seek reversal of a judgment granting a permanent injunction restraining appellants from using lands as a driveway and restraining them from otherwise encroaching upon respondents' lands. The record clearly supports the findings and decision of the court that respondents' predecessor in title orally agreed with appellants that a portion of their property could be used as a driveway so long as no claim to title thereto would be made and until such time as the vacant land was sold; and further that when this land was purchased by respondents in 1955, they renewed the permissive right in appellants. It also appears that in 1965 respondents revoked the permissive use of the land, following which this action was instituted. While appellants correctly state the rule that once open, notorious and uninterrupted use of any land has been shown, the burden of proving permission is cast upon respondents (*Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505), the court has found that this burden has been met. The credibility of the witnesses was for the court to determine and any conflict of the testimony regarding the permissive use of the land in question having been resolved in favor of respondents, we may not reject their testimony unless it appears their testimony is incredible

as a matter of law; and we find nothing upon which any such claim can be advanced. Appellants' contention that they had established title by adverse possession or had perfected a prescriptive easement cannot be sustained. Once it is established that the use or possession of land is by permission of the owner, such use cannot ripen into either title by adverse possession or an easement by prescription. (2 N. Y. Jur., Adverse Possession, § 12, p. 48.) Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.