Lee Woodkeeper DAVID and Anna A. David, his wife; Wilson Armstrong David and Mary F. David, his wife; Miss Nora David; and Hilda David Kemp and Dudley Kemp, her husband, Defendants Below, Appellants,

v.

John Delbert STELLER and Mary A. Steller, his wife, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

July 22, 1970.

Petition for Reargument Denied Aug. 6, 1970.

Thomas G. Hughes, of O'Donnell, Hughes & Lowicki, Wilmington, and William S. Potter, Charles S. Crompton, Jr., and Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, for defendants below, appellants.

Albert W. James, George C. Hering, III, and Eduard F. vonWettberg, III, Wilmington, for plaintiffs below, appellees.

CAREY and HERRMANN, Justices, and SHORT, Vice Chancellor, sitting.

SHORT, Vice Chancellor.

This is an appeal from a judgment of the Superior Court ordering ejectment of appellants from a tract of marsh land situate in Blackbird Hundred, New Castle County, Delaware.

The case below was tried to the court without a jury. Plaintiffs therein, appellees here, proved record title to the marsh land involved. Defendants below, appellants here, claimed title by adverse possession. The trial judge held that defendants had failed to meet their burden of proof. While recognizing that their occupancy of the land was open and notorious he found that defendants' possession was not hostile to the record owners. This finding, which is here challenged, was based upon inferences and deductions

drawn from the relationship of the parties as to other lands, and speculations as to the existence or non-existence of certain facts. In such case it is our duty to review findings thus made and if found to be clearly wrong to draw our own inferences and reach our own conclusions. Application of Delaware Racing Association, Del. Supr., 213 A.2d 203; Lank v. Steiner, Del.Supr., 224 A.2d 242.

■ The facts are fully stated in the opinion of the court below. See, Steller v. David, Del.Super., 257 A.2d 391. No useful purpose would be served by repeating them here. On the issue of hostility the significant and undisputed facts are these: Appellants' father, then a tenant of other nearby farm and marsh land owned by the Johnsons, appellees' predecessors, took possession of the land involved in 1902 under a warranty deed purporting to convey the fee simple title; in 1911 and 1925 he had surveys made of the subject land and other adjacent lands owned by him; he marked the boundaries with stakes and poles; he paid the taxes until his death in 1948; together with appellants he trapped, hunted and cut marsh hay from the land over a period of more than sixty years; by his will, probated and recorded in 1948, he devised the land to appellants, his children, and it was listed in the inventory of his estate. In 1947 appellants Lee and Wilson David removed traps as they were set on the land by appellee John Steller and informed Steller of their father's claim of ownership. Following the death of their father appellants continued in possession. They paid the taxes and hunted and trapped the land as their father had before. Except for the attempted setting of traps in 1947 appellees asserted no rights until 1966, more than nineteen years after their deed from the record owner.

The trial judge recognized the force of appellants' case when he said: "All of these facts, and others, would ordinarily indicate a strong case in favor of defendants because of the inactivity of Eleanor Brynberg Johnson and the positive actions of the defendants." But he concluded that because a landlord-tenant relationship had existed for some years between the Johnsons and appellants' father and thereafter until 1946 between Eleanor Johnson and appellant Lee David as to other Johnson lands there was "a strong inference that if the Davids had permission to use No. 1 [the other lands], they also had permission to use No. 2 [the subject lands]." This and other inferences leading to the conclusion of permissive possession, we think, were clearly wrong. The "strong case" made by appellants indicates the contrary, the only reasonable inferences to be drawn therefrom establishing the "hostile" nature of their claim, within the meaning of that term as defined by the court below. But the trial judge reasoned, as we read his opinion, that though appellants' proof would ordinarily be sufficient to show all the elements of an adverse holding, because of the particular factual situation involved they also "had the burden to establish that no landlord-tenant or permissive relationship existed." His conclusion resulted from the view that appellants had failed to meet this burden.

■ We are satisfied that irrespective of which party had the burden of proof the showing made by appellants established their claim as hostile and exclusive. But in any event, the trial court was in error in holding that appellants were required to disprove permissive possession. While a party claiming title or rights by adverse possession or use has the burden of proving all the elements of an adverse holding, once that burden is met it is incumbent on the holder of record title to establish that the possession or use was permissive. Itawamba County v. Sheffield, 195 Miss. 359, 13 So.2d 649; Smith v. Folmsbee, 31 A.D. 2d 584, 294 N.Y.S.2d 888; Wampler v. Shenk, 404 Pa. 395, 172 A.2d 313; Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609; Thompson v. Griffiths, 9 Utah 2d 348, 344 P.2d 983; Glantz v. Gabel, 66 Mont. 134, 212 P. 858; Abel v. Love, 81 Ind.App. 328, 143 N.E. 515; City of Kirksville v. Young,

Mo., 252 S.W.2d 286. Recognition and approval of this rule is implicit, we think, in the court's charge to the jury in Doe ex dem. Barrett v. Jefferson, 5 Houst. 477. The rule is applicable here and since appellees presented no affirmative evidence tending to show a landlord-tenant or other permissive relationship the case made by appellants stood unchallenged. The trial court was clearly in error in drawing inferences and conclusions based on a mistake of law.

We hold that appellants have established their ownership of the subject land by convincing proof of each and every element required by law to show title by adverse possession. This determination makes it unnecessary to consider appellants other ground of appeal.

The judgment of the trial court is reversed with directions to enter judgment for defendants below.