INTERNATIONAL BOILER WORKS
CO., a Delaware Corporation,
Plaintiff below, Appellant,

v.

GENERAL WATERWORKS CORPORA-
TION, a Delaware Corporation,
Defendant below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 10, 1976.

Decided Jan. 19, 1977.

Paul P. Welsh and Craig B. Smith, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff-appellant.

Hugh Corroon and Charles S. McDowell, of Potter Anderson & Corroon, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This is an appeal from a judgment of the Superior Court, sitting without a jury, upon a finding that defendant was not liable to plaintiff for breach of contract. The critical, two-part issue on appeal is whether Charles J. Schreiber, an employee of Pennsylvania Utilities Investment Corporation,[1] had the apparent authority to enter into a contract on behalf of defendant and, if so,

1. Defendant controls 99.9% of the shares of Pennsylvania Utilities Investment Corporation

which in turn controls 100% of the shares of Scranton Steam Heat Company.

whether plaintiff reasonably relied on such authority.

The Trial Judge determined that Schreiber had apparent authority required for contract purposes, but denied recovery on the ground that plaintiff had not *"reasonably relied upon the circumstances creating the 'apparent authority.'"* (emphasis by the Trial Judge). See his Letter Opinion—dated November 10, 1975. There is sufficient evidence to support the finding of apparent authority in Schreiber to bind defendant, and, therefore, we will not disturb it. *Levitt v. Bouvier,* Del.Supr., 287 A.2d 671 (1972). We also affirm the legal conclusion based thereon. But on the issue of reasonable reliance, our analysis leads to a different conclusion which requires a reversal of the judgment.

The standard for review in this type of appeal is well settled. In *duPont v. duPont,* Del.Supr., 216 A.2d 674, 680 (1966), Chief Justice Wolcott summarized the rule as follows:

> "An appeal from a decision of the Superior Court sitting without a jury is an appeal upon both the law and the facts. We have the duty, not only to review the evidence in search of factual support for the findings below, but also for the purpose of testing the propriety of those findings. We act with restraint but when it is clear that justice requires it, we have the duty of making our own findings upon the evidence and setting aside clearly erroneous findings. Particularly is this so when the findings depend upon inferences and deductions from other facts. *Delaware Racing Association, Application of,* Del., 213 A.2d 203; *Nelson v. Murray,* Del., 211 A.2d 842; *Nardo v. Nardo,* Del., 209 A.2d 905."

See also *David v. Steller,* Del.Supr., 269 A.2d 203, 204 (1970); and *Levitt v. Bouvier,* supra. With this standard in mind we move to the merits of the second issue.

■ Ordinarily, an agent can bind the principal on an apparent authority basis only if the third person involved reasonably concludes that the agent is acting for the principal. *Guyer v. Haveg Corporation,* Del.Super., 205 A.2d 176, 180 (1964), aff'd, *Haveg Corporation v. Guyer,* Del.Supr., 226 A.2d 231 (1967); 3 *C.J.S.* Agency § 391 (1973). In dealing with the agent the third person must act with "ordinary prudence and reasonable diligence," *Arthur Jordan Piano Co. v. Lewis,* Del.Super., 4 W.W.Harr. 423, 154 A. 467, 472 (1930); *Limestone Realty Co. v. Town & Country F. F. & C., Inc.,* Del.Ch., 256 A.2d 676, 679 (1969), in ascertaining the scope of the agent's authority and he will not be permitted to claim protection if he ignores facts illustrating the agent's lack of authority. *Arthur Jordan Piano Co. v. Lewis,* supra. Cf. *Restatement of Agency* § 135 (1958). In this regard, the third person must make a preliminary investigation as to the agent's apparent authority and additional investigations if the facts so warrant. See 2A *C.J.S.* Agency § 169 (1972) and cases cited therein.

■ Based on our examination of the evidence, we conclude that it was reasonable for plaintiff to believe that it was contracting with defendant through Schreiber. Cumulatively, the documents and the circumstances surrounding negotiation of the transaction created the impression that Schreiber was an employee of defendant[2] and that defendant and Scranton Steam Heat Company were working in concert on the project. For example, the bid solicitation document directed bidders to send all bids to Schreiber at the office of defendant's Heating Division in Philadelphia, Pennsylvania. Furthermore, the document instructed bidders to submit any "questions regarding the technical aspects" of the project to:

GENERAL WATERWORKS HEATING DIVISION
2012 UPLAND WAY
PHILADELPHIA, PENNSYLVANIA 19131
ATT: MR. CHARLES J. SCHREIBER

Heating Division, 2012 Upland Way, Philadelphia, Pa. 19131.

**2.** The business card used by Schreiber, containing the defendant's logo, identified him as a Division Engineer for General Waterworks,

And while Schreiber may have identified himself in different ways at different times, all letters that he directed to plaintiff, including the letter of intent to sign a contract dated August 13, 1971, were on paper containing the logo and letterhead of "GENERAL WATERWORKS · HEATING DIVISION" and the letter of intent was signed:

Very truly yours,
GENERAL WATERWORKS HEATING
   DIVISION
Charles J. Schreiber
Division Engineer

For these reasons, we hold that the "warning signs" cited by the Court below were not sufficient to dissipate plaintiff's reasonable belief that defendant was a party to the contract. Accordingly, fairness under the law requires a verdict for plaintiff.

Reversed and remanded for proceedings consistent herewith.