# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SAMIR PATEL, AJAY BHATT, )
MING YE, JOSEPH SHAN, PETER )
SZETO, GENE LOU, JOSEPH )
SHAN, NIRVA VYAS, and )
NORMAN NELSON, )
                 )
       Plaintiffs, )
                 )
         v. )   C.A. NO.: N18C-01-185 AML
                 )
SUNVEST REALTY )
CORPORATION d/b/a RE/MAX )
SUNVEST REALTY, RE/MAX, )
LLC, AND RE/MAX HOLDINGS, )
INC. )
                 )
       Defendants. )

Submitted: July 2, 2018
Decided: October 15, 2018

**Upon Defendants' Motion to Dismiss: Granted in part, denied in part**
**Upon Defendants' Motions to Strike: Granted in part, denied in part**

## <u>MEMORANDUM OPINION</u>

Julia B. Klein, Esquire of KLEIN, LLC, Wilmington, Delaware, Attorney for Plaintiffs.

Eric J. Monzo, Esquire, and Brenna A. Dolphin, Esquire of MORRIS JAMES, LLP, Wilmington, Delaware, Attorneys for Sunvest Realty Corporation, Raymond W. Cobb, Esquire of O'HAGAN MEYER, LLC, Wilmington, Delaware, Attorney for RE/MAX, LLC and RE/MAX Holdings.


**LeGrow, J.**

This case arose from alleged fraud committed by a real estate broker formerly employed by a franchise branch of a nationally-recognized real estate firm. Plaintiffs allege the broker embezzled funds Plaintiffs entrusted to him for the purpose of investing in real property. Beginning in summer 2017, the broker defaulted on Plaintiffs' promissory notes, and he filed for bankruptcy a few months later. Plaintiffs now bring claims of vicarious liability, common law negligence, negligent hiring, retention, and supervision, breach of contract, and fraud against the franchisee and franchisor.

Plaintiffs' claims present questions of franchisor and vicarious liability for conduct of a franchisee's agent. Although the complaint adequately pleads vicarious liability claims against both defendants, the adequacy of its direct liability claims is more limited. As to those direct claims, Plaintiffs fail to plead claims that depend on allegations that the franchisor employed the broker. Some of Plaintiffs' other direct claims survive under the low pleading standard applicable to this motion, although Plaintiffs' ultimate likelihood of success on those claims seems marginal at best. In sum, notwithstanding the exhausting length and rhetoric of Plaintiffs' complaint, Plaintiffs barely make out fraud, negligence, and contract-based claims under agency principles, but those claims may not withstand a closer look after discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the amended complaint.[1] Carl Chen worked as a real estate broker from 1986 until 2017 when his real estate license was terminated. According to the complaint, Chen worked for more than two decades at RE/MAX Sunvest Realty ("Sunvest"), a franchisee of RE/MAX, LLC ("RE/MAX") (collectively with Sunvest, the "Defendants"). Beginning in 1991, Chen convinced several friends and acquaintances to invest in real property in return for monthly interest payments. Chen continued to enter into these promissory notes up to October 2016. In May 2017, Chen failed to make the monthly interest payment to one of his noteholders, Norman Nelson. Nelson later was informed that Chen no longer worked at Sunvest. On October 24, 2017, Chen filed for bankruptcy. Around this time, the noteholders learned most of their funds never were invested in real property.

On January 17, 2018, several noteholders ("Plaintiffs") brought this action against Sunvest and RE/MAX to recover the funds they invested with Chen.[2]

---

[1] The Complaint contains 104 paragraphs and spans 62 pages. It includes headshots, website screen shots, and numerous irrelevant, if not entirely conjectural, musings. The brevity of this factual background demonstrates Plaintiffs' unnecessary expenditure of resources in drafting the Complaint, to say nothing of Defendants' and the Court's resources in reviewing and responding to it. At some point during the drafting process, Plaintiffs lost sight of Rule 8's direction that a complaint shall contain a "short and plain statement of the claim." Plaintiffs should not interpret the Court's partial denial of the motions to dismiss as an endorsement of this drafting style.

[2] The complaint included RE/MAX Holdings as a named defendant. At oral argument, however, Plaintiffs conceded that all claims against RE/MAX Holdings should be dismissed. Accordingly, only claims against Sunvest and RE/MAX remain.

Sunvest and RE/MAX filed separate motions to dismiss the original complaint, and Plaintiffs then filed an amended complaint containing counts against each defendant for vicarious liability, common law negligence, negligent hiring, retention, and supervision, breach of contract, and fraud. Defendants filed motions to dismiss the first amended complaint ("the Complaint") and the parties briefed and argued those motions.

**The Parties' Contentions**

In its motion to dismiss, Sunvest first argues the Court should dismiss Plaintiffs' claims under Rule 19 because the parties cannot join Chen who, Sunvest maintains, is an indispensable party. Sunvest contends complete relief cannot be granted to the parties without Chen's joinder because Chen's conduct is the basis of Plaintiffs' action. Sunvest acknowledges the automatic stay prevents Chen's joinder in this case while the bankruptcy case is litigated, but Sunvest asserts all Plaintiffs' claims can be litigated in the bankruptcy action. Apart from this procedural argument, Sunvest also maintains the Complaint should be dismissed for failure to state a claim. Sunvest contends Plaintiffs only made conclusory statements in support of their vicarious liability, negligent hiring, retention and supervision, breach of contract, and fraud claims.

In a separate motion, RE/MAX argues the Complaint fails to allege the existence of any legally-cognizable relationship between Chen and RE/MAX.

RE/MAX notes the Complaint alleges claims against "RE/MAX," but fails to specify which claims are asserted against which defendants. RE/MAX contends the Complaint fails to make any connection between Sunvest and RE/MAX and does not allege an employment or agency relationship with RE/MAX. Finally, like Sunvest, RE/MAX argues the Complaint fails to plead fraud with sufficient particularity.

In response to Sunvest's motion, Plaintiffs argue Chen is not an indispensable party because the parties may obtain discovery from him without joining him to this action. Additionally, Plaintiffs assert they have pleaded fraud and the other claims with sufficient particularity and have pleaded sufficient facts to put RE/MAX on notice that they intend to show RE/MAX exerted control over Chen.

## ANALYSIS

On a motion to dismiss, the Court must determine whether the "plaintiff 'may recover under any reasonably conceivable set of circumstances susceptible of proof.'"[3] "If [the plaintiff] may recover, the motion must be denied."[4] A court may grant the motion if "it appears to a reasonable certainty that under no state of facts which could be proved to support the claim asserted would plaintiff be entitled to

[3] *Holmes v. D'Elia*, 2015 WL 8480150, at *2 (Del. Dec. 8, 2015) (quoting *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).
[4] *Deuley v. DynCorp Int'l, Inc.*, 2010 WL 704895, at *3 (Del. Super. Feb. 26, 2010) (citing *Parlin v. DynCorp Int'l, Inc.*, 2009 WL 3636756, at *1 (Del. Super. Sept. 30, 2009) (quoting *Spence*, 396 A.2d at 968)), *aff'd*, 8 A.3d 1156 (Del. 2010).

4

relief."[5]  When applying this standard, the Court will accept as true all non-conclusory, well-pleaded allegations.[6]  In addition, "a trial court must draw all reasonable factual inferences in favor of the party opposing the motion."[7]

## A. Chen is not an indispensable party under Rule 19(a).

Sunvest first argues the amended complaint should be dismissed because Chen allegedly is an indispensable party who cannot be joined in this action.  Sunvest argues Chen's conduct forms the basis for Plaintiffs' claims and therefore he is an indispensable party under Rule 19.  Because the automatic stay imposed by the bankruptcy action prevents the parties from joining Chen, Sunvest argues the Complaint should be dismissed.

Under Rule 19(a), joinder is mandatory when: (1) complete relief cannot be afforded without the absent party's participation, or (2) the absent party claims an interest in the subject of the action. Specifically, the rule provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the

---

[5] *Fish Eng'g Corp. v. Hutchinson*, 162 A.2d 722, 724 (Del. 1960) (citing *Danby v. Osteopathic Hosp. Ass'n of Del.*, 101 A.2d 308, 315 (Del. Ch. 1953), *aff'd*, 104 A.2d 903 (Del. 1954)); *Nero v. Littleton*, 1998 WL 229526, at *3 (Del. Ch. Apr. 30, 1998).

[6] *Pfeffer v. Redstone*, 965 A.2d 676, 683 (Del. 2009).

[7] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005) (citing *Ramunno v. Cawley,* 705 A.2d 1029, 1034 (Del. 1998) (citing *Solomon v. Pathe Commc'ns Corp.,* 672 A.2d 35, 38 (Del. 1996)) (other citations omitted)).

person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the Court shall order that the person be made a party.[8]

Rule 19(a)(2) is not implicated here because none of the parties argues Chen has an interest in the subject of the action or that litigation without Chen would impair his ability to protect his interests. As to Rule 19(a)(1), on which Sunvest relies, complete relief can be accorded to all named parties without Chen's joinder. Sunvest argues Chen is indispensable because his conduct forms the basis for Plaintiffs' claims. Chen's likely role as an essential factual witness, however, does not compel the conclusion that joinder is necessary to accord relief to all the named parties. The parties may subpoena Chen, take discovery from him, and compel him to testify. Thus, Plaintiffs' claims do not require Chen's joinder for evidentiary purposes. Additionally, Chen's joinder is not required to determine liability because Plaintiffs do not claim Chen or either defendant was comparatively or contributorily negligent. Accordingly, Chen is not an indispensable party under Rule 19(a).

---

[8] Super. Ct. Civ. R. 19(a).

6

**B. Count I of the Complaint adequately pleads Chen committed fraud and that he was Sunvest's employee.**

Count I of the Complaint alleges Sunvest vicariously is liable for Chen's fraud. Sunvest argues the Complaint fails to plead fraud with particularity and fails adequately to allege Chen was Sunvest's employee or agent.

### 1. The Complaint adequately alleges Chen committed fraud.

According to Superior Court Civil Rule 9(b), "[i]n all averments of fraud, . . . the circumstances constituting fraud . . . shall be stated with particularity."[9] The rule requires a plaintiff to "allege circumstances sufficient to fairly apprise the defendant of the basis for the claim."[10] The elements of fraud are:

> (1) defendant's false representation, usually of fact, (2) made either with knowledge or belief or with reckless indifference to its falsity, (3) with an intent to induce the plaintiff to act or refrain from acting, (4) the plaintiff's action or inaction resulted from a reasonable reliance on the representation, and (5) reliance damaged the plaintiff.[11]

Plaintiffs' Complaint alleges Chen falsely claimed to invest significant funds in real estate on Plaintiffs' behalf.[12] The Complaint describes how Chen developed a reputation as a seasoned real estate broker and alleges that several plaintiffs were friends with Chen for many years before they entrusted their money to him. The

---

[9] Super. Ct. Civ. R. 9(b).
[10] *H-M Wexford, LLC v. Encorp, Inc.*, 832 A.2d 129, 145 (Del. Ch. 2003).
[11] *Stephenson v. Capano Development, Inc.*, 462 A.2d 1069, 1074 (Del. 1983).
[12] Am. Compl. ¶¶ 6-13.

7

Complaint includes the following exchange that occurred at a creditors' meeting for the bankruptcy action between Chen, the debtors' trustee, Alfred Giuliano, and Plaintiffs' attorney, Julia Klein:

> CHEN: Yeah, we – we borrowed the money – the intention was to invest in real estate, but then I ended up using that to take care of my negative cash flow.
>
> GIULIANO: Is that what you told them? You told them it was to invest in real estate?
>
> CHEN: In the very beginning, yes. Later on when they –
>
> GIULIANO: *Like the million seven, when you borrowed the million seven, what did you tell those folks?*
>
> CHEN: *Yeah, to invest in real estate.*
>
> GIULIANO: To invest in real estate. *But you did not invest it in real estate, you used it to cover the cash flow?*
>
> CHEN: *Yeah.*
>
> . . .
>
> KLEIN: What did you – so, just so I understand the money that you received from Mr. B[h]at, the $200,000, those went to pay interest payments of other noteholders or what did you use the money for?
>
> CHEN: I – I used the money for – to take care of negative cash flow for Chen-MAX, both of the Chen-MAX Properties, Inc.
>
> KLEIN: Okay. Did you use the money you received from him to invest in any property, any real property or rental property?
>
> CHEN: No.
>
> KLEIN: Okay. Were you supposed to under the promissory note?

CHEN: Yeah, yeah.[13]

From this exchange, it is reasonable to infer that: (1) Chen falsely represented that he would invest Plaintiffs' funds in real estate; (2) Chen knew his representations were false; (3) Chen intended to induce Plaintiffs to invest their funds through him; (4) Plaintiffs reasonably relied on Chen's representations; and (5) Plaintiffs suffered damages.[14] In other words, the Complaint fairly appraises Defendants of the basis for the claim.[15] Accordingly, the Complaint alleges with sufficient particularity that Chen committed fraud.

### 2. The Complaint adequately alleges Chen was Sunvest's agent/employee.

In Delaware, "the party asserting an agency relationship has the burden of proving it."[16] An agency relationship "results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."[17] A plaintiff may sue an employer for the actions

---

[13] *Id.* at ¶ 47 (emphasis in the original).
[14] *Id.* at ¶ 48 ("Chen knew that Plaintiffs expected their funds to be used to purchase, improve, and maintain real property. Chen over the years locally [sic] had established a reputation for being a fine real estate broker and assured Plaintiffs that their funds would be used for precisely that purpose: invest in and manage real property and ensure a steady return on investment. Based on these representations, Plaintiffs parted with their money.").
[15] *Id.* ¶¶ 6-13.
[16] *F.E. Myers Co. v. Pipe Maintenance Services, Inc.*, 599 F.Supp. 697, 702 (D. Del. 1984).
[17] RESTATEMENT (SECOND) OF AGENCY § 1 (AM. LAW INST. 2006).

of an employee under principles of vicarious liability if the actions occurred within the scope of employment.[18]

It is reasonable to infer from the Complaint that Chen was Sunvest's employee or agent. Chen acted as a real estate broker, which is Sunvest's regular business. Chen worked at Sunvest's office on Kirkwood Highway, and Plaintiffs signed the promissory notes in that office.[19] Additionally, the Complaint alleges Chen worked at Sunvest for twenty years. Because Chen worked at Sunvest as a real estate broker, and the Complaint's allegations permit a reasonable inference that Chen's fraud occurred within the scope of his employment at Sunvest, the Complaint adequately pleads Sunvest vicariously is liable for Chen's conduct. Whether Plaintiffs can prove Chen was acting within the scope of his employment is a distinct question, but Plaintiffs need not meet that burden of proof at the pleadings stage.

### C. Count II of the Complaint adequately pleads a vicarious liability claim against RE/MAX.

Count II of the Complaint alleges RE/MAX vicariously is liable for Chen's fraudulent conduct because RE/MAX is Sunvest's franchisor. RE/MAX argues the Complaint fails sufficiently to allege that Chen or Sunvest was RE/MAX's agent or that RE/MAX benefited from Chen's conduct. As discussed in Section B.2, the Complaint adequately alleges Chen was Sunvest's employee. The adequacy of

---

[18] *Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del. 1997).
[19] Am. Compl. at ¶ 34.

Count II, therefore, depends on whether RE/MAX, as Sunvest's franchisor, may be held vicariously liable for Chen's fraud.

A plaintiff may hold a franchisor vicariously liable by establishing the franchisor had an actual or apparent agency relationship with its franchisee. In order to establish actual agency between a putative franchisor and franchisee, a plaintiff must show the franchisor has the right to control the franchisee's business.[20] An agency relationship exists if the franchisor has the right to exercise control over the franchisee's daily operations.[21] Evidence of such control includes, among other things, a franchisor's power to regulate advertising, office procedures, staff procedures, accounting, insurance, and maintenance of the premises.

Here, the Complaint fails to allege RE/MAX exerted control over Sunvest's daily operations. Although the Complaint alleges RE/MAX is a very large and well-advertised realty company, the Complaint does not allege RE/MAX controlled Sunvest's operations, and actual agency therefore is not sufficiently pleaded.

Alternatively, the principle of apparent agency focuses on the apparent relationship between a principal and an agent.[22] In *Billops v. Magness Construction Co.*, the Delaware Supreme Court examined the rule for apparent agency in a franchise relationship and held that apparent agency depends on a third party's

---

[20] *Billops v. Magness Const. Co.*, 391 A.2d 196, 197 (Del. 1978).
[21] *Id.*
[22] *Id.* at 198.

reasonable reliance on an alleged principal's manifestations of the agent's authority to bind the principal.[23] The *Billops* Court explained that the manifestations "may be made directly to the third party, or may be made to the community in general, for example, by way of advertising."[24] An agent's apparent authority is a question of fact typically left to the jury.[25]

In *Billops*, the plaintiffs sued several Hilton Hotels entities as the franchisors of Brandywine Hilton Inn for the tortious conduct of the inn's banquet director.[26] The Court held the plaintiffs showed ample evidence indicating the inn was the franchisor's apparent agent.[27] Among the factors considered by the Court were the inn's use of Hilton's logo and signage at the exclusion of all other logos[28] and the requirement that the inn identify itself completely with the Hilton system, including color scheme and interior design.[29] The Court also relied on the fact that the defendants admitted there was no basis for a reasonable person to distinguish the inn from any other Hilton Hotels corporation,[30] and the plaintiffs stated they put their

---

[23] *Id.*
[24] *Id*. at 198-99.
[25] *Id*.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 199.
[29] *Id.*
[30] *Id.*

faith and trust in the inn because Hilton "was a major hotel."[31]  Accordingly, the

Court found the plaintiffs relied on the Hilton name and the quality it represents.[32]

Plaintiffs' Complaint sufficiently alleges that RE/MAX had apparent authority over Sunvest.  RE/MAX's logo and trademark was featured prominently in the office and on Sunvest's website.  Sunvest's signs, email signatures, and documents all bore RE/MAX's name and/or trademark.  The Complaint also alleges Plaintiffs reached out to RE/MAX's franchises because they thought the franchises would be backed by RE/MAX and "its philosophy of caring for customers."[33]  The Complaint therefore alleges Plaintiffs relied on RE/MAX's name and brand quality.  Accordingly, it is reasonable to infer from the Complaint that Sunvest was RE/MAX's apparent agent.

### D. Count III of the Complaint adequately alleges Sunvest negligently retained Chen.

Count III of the Complaint includes claims of common law negligence and negligent hiring, retention, and supervision against Sunvest.  Plaintiffs largely base this claim on the fact that Chen and Sunvest were named as co-defendants in several real estate-related legal actions beginning in 2007.  Plaintiffs contend these lawsuits put Sunvest on actual or constructive notice of Chen's fraudulent conduct.  Sunvest

---

[31] *Id.*

[32] *Id.*

[33] Am. Compl. at ¶ 26 ("Real estate purchasers and investors, including Plaintiffs, reach out to RE/MAX franchisees because they trust those franchises are backed by RE/MAX and its philosophy of caring for customers.").

argues the Complaint only makes conclusory statements regarding its alleged negligent hiring, retention, and supervision of Chen. As discussed in Section B.2, it is reasonable to infer from the Complaint that Sunvest employed Chen, and Plaintiffs therefore may maintain *adequately pleaded* claims of common law negligence and negligent hiring, supervision, and retention.

Plaintiffs' amended Complaint, however, does not adequately plead claims for common law negligence or negligent hiring and supervision. The elements of common law negligence in Delaware are duty, breach, causation, and harm.[34] The Complaint fails to allege Sunvest had any duty to Plaintiffs, and Plaintiffs therefore have failed to allege common law negligence against Sunvest. Similarly, "[a]n employer is liable for negligent hiring or supervision where the employer [was] negligent . . . in the employment of improper persons involving risk of harm to others or in the supervision of the employee's activit[ies]."[35] The plaintiff must, however, allege the employer was on notice of the employee's risk of tortious behavior *at the time the employer hired the employee*.[36] Here, the Complaint fails to allege facts that would show Sunvest was on notice of the risk of Chen's tortious conduct at the time of his hiring. At most, the Complaint alleges Sunvest was or should have been aware of Chen's misconduct in 2007, well after Sunvest hired him.[37]

---

[34] *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010).
[35] *Simms v. Christina School District*, 2004 WL 344015, at *8 (Del. Super. Jan. 30, 2004).
[36] *Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 826 (Del. Super. 2009).
[37] *See* Am. Compl. ¶ 22.

The Complaint does, however, adequately allege a claim for negligent retention, which considers an employer's actions or omissions after an employee's hiring.

> An action for negligent supervision is based upon the employer's negligence in failing to exercise due care to protect third parties from the foreseeable tortious acts of the employee.
> . . .
> The deciding factor is whether the employer had or should have had knowledge of the necessity to exercise control over its employee. Thus, existence of duty under a negligent supervision theory depends upon whether the risk of harm from the dangerous employee was reasonably foreseeable as a result of the employment.[38]

The amended Complaint alleges "Sunvest had constructive, if not actual, notice that Chen may [have been] engaging in conduct that [wa]s legally actionable."[39] Plaintiffs allege Sunvest regularly was named as Chen's co-defendant and garnishee in debt and breach of contract actions relating to his real estate investments. Plaintiffs also generally allege Sunvest knew or should have known Chen was using his Sunvest position and office to facilitate his fraud. Again, Plaintiffs will need substantially more to prevail on this claim at trial, but at the pleadings stage, and drawing all reasonable inferences in Plaintiffs' favor, there is a

---

[38] *Matthews v. Booth*, 2008 WL 2154391, at *3 (Del. Super. May 22, 2008).
[39] Am. Compl. ¶ 76.

15

reasonably conceivable set of circumstances under which Plaintiffs could prevail on a claim against Sunvest for negligent retention.

**E. Count IV of the Complaint fails to adequately plead common law negligence and negligent hiring, supervision, or retention against RE/MAX.**

Count IV of the Complaint alleges claims of common law negligence and negligent hiring, supervision, and retention against RE/MAX. Plaintiffs argue RE/MAX had the duty to ensure its agents "are of such qualification and character that they will not . . . harm its customers."[40] Plaintiffs also claim RE/MAX has a duty to review its agents' qualifications and character regularly. In response, RE/MAX argues the Complaint fails to allege facts to support Plaintiffs' negligence claims.

Similar to their claims against Sunvest for common law negligence and negligent hiring and supervision, Plaintiffs also fail adequately to plead those claims against RE/MAX. Regarding the negligent retention claim, however, and unlike their adequately-pleaded claims against Sunvest, Plaintiffs fail to allege facts to support a negligent retention claim against RE/MAX. The Complaint refers to Chen as Sunvest's employee, rather than RE/MAX's employee.[41] Although the Complaint alleges RE/MAX "benefited" from Chen's employment with Sunvest, it does not

---

[40] *Id.* at ¶ 80.
[41] *Id.* ¶ 2.

allege or permit a reasonable inference that Chen was RE/MAX's employee.[42] The Complaint fails to allege that RE/MAX consented to have Chen act on its behalf or be subject to RE/MAX's control. In their reply brief, Plaintiffs state they are uncertain of the nature of Chen's relationship with RE/MAX and concede the Complaint is vague in this regard.[43] Plaintiffs, however, maintain Chen's employment status may be inferred from RE/MAX's website and ask for leave to amend the Complaint.[44] Although I am skeptical that Plaintiffs will be able to plead that Chen is RE/MAX's employee, Count IV is dismissed without prejudice to Plaintiffs filing an amended Complaint within twenty days.

### F. Count V of the Complaint adequately pleads a breach of contract claim against Sunvest.

Count V of the Complaint alleges a breach of contract claim against Sunvest because Sunvest has not paid the interest due on Plaintiffs' promissory notes. The Complaint claims Sunvest is bound by the notes because Chen signed the notes as Sunvest's agent. In response, Sunvest argues the Complaint fails to allege Plaintiffs ever entered into a contract with Sunvest.

When an agent enters into a contract with actual authority on behalf of a disclosed principal, the principal is a party to the contract.[45] The elements of a

---

[42] *Id.*

[43] Pl.s' Resp. to RE/MAX's Mot. Dismiss at ¶ 4.

[44] *Id.*; *see also* Am. Compl. at ¶ 22.

[45] RESTATEMENT (THIRD) OF AGENCY § 6.01 (AM. LAW INST. 2006).

breach of contract claim are: (1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages.[46]

Here, it is reasonable to infer Chen entered into contracts with Plaintiffs on Sunvest's behalf. The Complaint alleges Chen was Sunvest's employee and entered into promissory notes with each plaintiff. The Complaint contained exhibits showing Chen signed promissory notes with plaintiffs Patel, Bhatt, and Ye. Chen's signature block presented Chen as a broker and president of Sunvest.[47] Further, the Complaint adequately alleges the promissory notes are in default. The notes promise to pay the holders monthly interest payments, and neither Chen nor Sunvest has made interest payments on the notes since 2017. Accordingly, the Complaint adequately pleads a breach of contract claim against Sunvest.

## G. Count VI of the Complaint adequately pleads a breach of contract claim against RE/MAX.

Count VI of the Complaint claims RE/MAX is in breach of contract because Chen signed Plaintiffs' promissory notes as RE/MAX's actual or apparent agent. As discussed above, the Complaint fails to allege Chen was RE/MAX's employee or actual agent, but sufficiently alleges Sunvest was RE/MAX's apparent agent and that Sunvest's employees, including Chen, had apparent authority to contract on

---

[46] *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. 2005).
[47] Ye's promissory note lists "Chenmax properties Inc., a Company of Carl Chen" as the note buyer. Ex. C. to Am. Compl. It is reasonable to infer, however, that Chen acted with apparent authority from Sunvest due to his signature. *See* RESTATEMENT (THIRD) OF AGENCY § 6.01 (AM. LAW INST. 2006).

18

RE/MAX's behalf.  Under Delaware law, an apparent agent has authority to bind a principal to a contract.[48]  Whether Plaintiffs ultimately may prove the necessary elements of this claim is a matter for another day.

## H. Count VII of the Complaint fails to adequately plead common law fraud against Sunvest & RE/MAX.

Count VII of the Complaint pleads a common law fraud claim against both Sunvest and RE/MAX based on Chen's tortious conduct.  Plaintiffs argue Chen's conduct is imputed to Sunvest and RE/MAX because Chen acted as their actual or apparent agent.  Count VII does not, however, allege Sunvest or RE/MAX committed fraud through any conduct other than Chen's.  As noted previously, the Complaint sufficiently pleads Sunvest and RE/MAX vicariously may be liable for Chen's fraud because he acted as their actual or apparent agent.  Because the Complaint fails to allege Sunvest or RE/MAX committed fraud directly, the Complaint fails to plead a fraud claim against Sunvest and RE/MAX distinct from the vicarious liability claims alleged in Counts I and II.

## I. Defendants' motions to strike are granted in part.

---

[48] *International Boiler Works Co. v. General Waterworks Corp.*, 372 A.2d 176, 177 (Del. 1977); *Giangrant v. Richard A. Parsons Agency, Inc.*, 1988 WL 40023, at * 2 (Del. Super. Apr. 22, 1988); *Sarissa Capital Domestic Fund LP v. Innoviva Inc.*, 2017 WL 6209597, at *19 (Del. Ch. Dec. 8, 2017) ("even if a person lacks actual authority to bind an entity to a contract with a third party, the person still may have *apparent* authority to do so."); RESTATEMENT (THIRD) OF AGENCY § 6.01 (AM. LAW INST. 2006).

In its motion to dismiss, RE/MAX argued that, if the Court does not dismiss the Complaint in its entirety, it should strike paragraphs 21, 26, 27, and 32 under Superior Court Civil Rule 12(f). Each of the allegations in those paragraphs, however, relate – directly or indirectly – to Plaintiffs' agency theories and therefore are relevant to Plaintiffs' claims. In contrast, footnote 21 of the Complaint is nugatory and therefore is striken.

Defendants also moved to strike exhibits Plaintiffs attached to their opposition brief, arguing those exhibits introduced matters outside the pleadings and therefore could not be considered by the Court in resolving the motions to dismiss. Plaintiffs contend those exhibits were offered for the limited purpose of supporting Plaintiffs' argument that any dismissal should be without prejudice. I agree with Defendants that the exhibits may not properly be considered by the Court, and the motion to strike therefore is granted as to those exhibits. Because the only claim dismissed with prejudice is the duplicative Count VII, Plaintiffs' reliance on those exhibits to support their request to amend the Complaint is unnecessary.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **DENIED** as to Counts I, II, III, V, and VI, are **GRANTED** without prejudice as to Count IV, and are **GRANTED** with prejudice as to Count VII. RE/MAX Holdings, Inc.'s Motion to Dismiss is **GRANTED** as to all counts. **IT IS SO ORDERED.**

20