IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| REGGIE WHITE, | § | |
| | § | No. 373, 2018 |
| Non-Party Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| BRIAN BANK TRUST, | § | C.A. No. S18C-03-014 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 22, 2019
Decided: May 3, 2019

Before **STRINE,** Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellee, Reggie White, filed this appeal, purportedly on behalf of the defendant below Ricky White, from a Superior Court order entering judgment in favor of the plaintiff below-appellee, Brian Bank Trust, in an ejectment action. After careful consideration of the parties' arguments, we affirm the Superior Court's judgment.

(2)     The record reflects that, in 2010, Brian Bank Trust bought tax parcel #2-30-5.20-30.00 in Lincoln, Delaware ("the Property"). While renovating the house on the front of the Property for rental purposes, Brian Bank Trust learned from

a neighbor that people were living in trailers on the back of the Property, behind the tree line. Brian Bank Trust hired a surveyor, who prepared a survey in 2010 that showed two trailers on the Property and two trailers partially on the Property and partially on another property. A Brian Bank Trust representative went to the trailers and notified a person who identified himself as Ricky White that Brian Bank Trust owned the Property and anyone living in the trailers had to leave. Brian Bank Trust assumed anyone living in the trailers had left, but years later received warnings from Sussex County about trash and other problems caused by people living on the back of the Property.

(3) On March 14, 2018, Brian Bank Trust filed a complaint for ejectment against "Ricky White and Other Possible Unknown Persons Residing in Trailers on the Back of the Property in Question" in the Superior Court. No one filed an answer to the complaint, but members of the White family appeared at an April 20, 2018 hearing to object to ejectment. An ejectment hearing was scheduled for June 7, 2018.

(4) At the June 7, 2018 hearing, the Superior Court heard testimony from a title searcher, the trustor and trustee of the Brian Bank Trust, Earl White (Ricky White's brother), and Reggie White (Ricky White's son). According to Reggie White, Ricky White could not participate because he was in the hospital. At the end of the hearing, the Superior Court directed the parties to file written summations.

2

The Brian Bank Trust filed a written summation, but the Whites did not and the Superior Court denied their request for an extension to obtain legal counsel.

(5)     In an order dated July 13, 2018, the Superior Court held that: (i) the Brian Bank Trust was legal owner of the Property as shown in a certified copy of the deed, tax records, and the survey; (ii) the Brian Bank Trust was entitled to immediate and exclusive possession of the Property; and (iii) the Whites made no credible showing to establish adverse possession.  The Sussex County Sheriff was ordered to remove anyone occupying the trailers at the back of the Property.

(6)     On July 20, 2018, Reggie White filed a notice of appeal.  On July 27, 2018, Earl White filed a motion to set aside the judgment, which the Superior Court treated as a motion to stay ejectment pending appeal.  The Superior Court granted the motion.  On appeal, Reggie White argues that the Whites have possessed the land since 1969 as reflected in tax records and previous court rulings.  The Brian Bank Trust argues that Reggie White lacks standing to bring this appeal and that the Whites failed to establish adverse possession.

(7)     As Brian Bank Trust points out, Reggie White has not offered any evidence to show that he is authorized to represent Ricky White.  In addition, Reggie White does not fall within the defendants sued by Brian Bank Trust as he testified that he lived in Dover, not on the Property.  Earl White testified that he had lived on the Property for many years, but he did not join in this appeal.  Even assuming

3

Reggie White has standing to bring this appeal, he has not shown that the Superior Court erred in concluding that Brian Bank Trust possessed the Property and that the Whites failed to establish adverse possession.

(8)     As the Superior Court recognized, the Brian Bank Trust supported its claim of ownership of the Property with a deed, tax records showing it had paid the property taxes on the Property since acquiring it (as well as back taxes), and a survey. To claim the Property by adverse possession, the Whites had to show possession of the Property in an open, notorious, hostile, and exclusive manner for twenty years.[1] They failed to do so.

(9)     The Whites testified that family members had lived on the Property since 1969, but other than this testimony offered little to support their claim. The trailer that Earl White said he lived in did not appear on the 2010 survey. Reggie White argues that Ricky White is listed as the owner of the Property on tax records, but the only tax documentation in the record for Ricky White relates to his failure to pay taxes on a mobile home on land next to the Property.

(10)    As to Reggie White's claim that courts have previously ruled that Ricky White owned the Property, he is mistaken. In 2006, the Justice of the Peace Court held that it lacked jurisdiction to determine possession of certain property (it is

---

[1] *Dorman v. Mitchell*, 2004 WL 2520911, at *1 n.3 (Del. Nov. 2004); *David v. Steller*, 269 A.2d 203, 204 (Del. 1970).

4

unclear if this is the Property or nearby property) because it could not determine if there was a rental agreement between Ricky White and a former owner of the Property.[2]   In 2012, the Superior Court granted First State Community Action Agency's petition to eject Ricky White from tax parcel #2-30-13.00-34.00.[3]   The Superior Court did not err in finding that the Whites failed to show adverse possession of the Property.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[2] *Williams v. White*, C.A. No. J0511019717 Order (J.P. Ct. Apr. 10, 2006).
[3] *First State Community Action v. White*, C.A. No. S11C-09-035 Order (Del. Super. Ct. Apr. 20, 2012).